**SCHULTZ, Appellant and Cross–Appellee,**

**v.**

**SCHULTZ et al., Appellees and Cross–Appellants.**

[Cite as *Schultz v. Schultz* (1996), 110 Ohio App.3d 715.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APF10–1387.

Decided May 2, 1996.

*Buckley, King & Bluso* and *Thomas C. Drabick, Jr.,* for appellant and cross-appellee.

*R. Chris Harbold,* for appellees and cross-appellants.

BOWMAN, Judge.

The parties to this action stipulated relevant facts, including that they were married in 1979, and two children were born during the marriage, Joseph C. Schultz III, born November 9, 1980, and Jonathan W. Schultz, born December 18, 1982. The parties were divorced by an agreed decree of divorce effective April 27, 1984. At the time of the divorce, appellant and cross-appellee, Patricia A. Schultz ("appellant"), received a property settlement of $80,000, $40,000 of which was paid within thirty days and the other $40,000 was paid in monthly payments. Appellant used this money to pay her attorney fees, accountant fees, and a down payment on a house, as well as to purchase furniture and other items for the house, and to pay ongoing expenses.

Pursuant to the original divorce decree, appellee and cross-appellant, Joseph C. Schultz II ("appellee"), was required to pay unallocated child support and alimony (now spousal support) of $2,000 per month, subject to termination upon appellant's remarriage, death or cohabitation, or the emancipation of both children. The payments were taxable to appellant and deductible by appellee for income tax purposes. If the alimony is terminated for any reason other than the emancipation of the children, child support was to be payable at the rate of $500 per month per child. If one child is emancipated or if appellant only retains custody of one child, the payments were reduced to $1,000 per month. Neither child is emancipated and appellant retains custody of both children. The referee (now magistrate) found that the alimony portion of the unallocated payments was $1,000 per month and the child support portion was $1,000 per month ($500 per child).

On October 5, 1993, appellant filed a motion to increase child support, to increase spousal support, and to find appellee in contempt, and requesting an award of attorney fees, a lump sum judgment of child support from the date of filing the motion, and an order allocating child support payments as nontaxable to appellant and nondeductible to appellee. On November 4, 1993, appellee filed a motion to modify visitation and, on January 27, 1994, a motion to terminate or reduce spousal support. Subsequently, appellant withdrew her motion for contempt and appellee withdrew his motion to modify visitation.

A hearing was held before a referee in August and September 1994. The referee recommended that child support be increased to $4,000 per month or $2,000 per child (totalling $48,000 per year). The child support was to be designated as nontaxable to appellant, and appellee was required to directly pay all of the children's fees for sports, camps, extracurricular and athletic activities, lessons and the reasonable needs for sports equipment. Appellee was also required to maintain all medical insurance for the children and pay all uninsured

medical expenses. The child support was retroactive to October 1993, creating a retroactive support award of $43,000, plus interest. The referee also recommended that spousal support be terminated, that appellee pay $10,000 of appellant's attorney fees, and that appellant be awarded the tax exemptions for the children.

The trial court adopted the recommendations of the referee on June 28, 1995. Both parties filed objections to the referee's report. Appellant filed an appeal, but the appeal was dismissed for lack of a final, appealable order on August 11, 1995. After a hearing, the trial court overruled all objections, adopted the report and recommendation of the referee, and entered final judgment on October 2, 1995. Appellant filed an appeal and raises the following assignments of error:

"Assignment of Error No. I:

"The trial court abused its discretion in the decision and judgment entry dated October 2, 1995 because the trial court adopted the report and recommendations of the magistrate which, contrary to Ohio law and unsupported by the evidence before the trial court, deviated from the guideline child support obligation calculated pursuant to Ohio R.C. 3113.215.

"Assignment of Error No. II:

"The trial court abused its discretion in the decision and judgment entry dated October 2, 1995 because the trial court adopted the report and recommendations of the magistrate which, contrary to Ohio law and unsupported by the evidence before the trial court, terminated spousal support payable to appellant/cross-appellee.

"Assignment of Error No. III:

"The trial court abused its discretion in the decision and judgment entry dated October 2, 1995 because the trial court adopted the report and recommendations of the magistrate which inappropriately created a substantial income tax burden for appellant/cross-appellee regarding child support arrearages for the time period October 4, 1993 through June 27, 1995.

"Assignment of Error No. IV:

"The trial court abused its discretion in the decision and judgment entry dated October 2, 1995 because the trial court adopted the report and recommendations of the magistrate which inappropriately awarded appellant/cross-appellee less than one-half of her reasonable and necessary attorney's fees incurred in prosecuting this action."

Appellee also filed a cross-appeal and raises the following assignments of error:

"Assignment of Error No. 1

"The trial court erred by ordering an amount of child support in excess of the reasonable needs and standard of living of the children as established by the evidence presented.

"Assignment of Error No. 2

"The trial court erred in its findings and determination of what was a reasonable amount to be used in the mother's budget as to her itemized expenses; and, further erred in its methodology by which the mother's common expenses were allocated to the needs of the children.

"Assignment of Error No. 3

"The trial court erred by failing to allow the father's expert economist witness, Harvey S. Rosen, Ph.D., to appear and testify in these proceedings."

The first assignment of error, and the first and second cross-assignments of error, contend that the trial court erred in calculating the amount of child support. Appellant contends that the trial court abused its discretion in deviating from the guideline child support obligation calculated pursuant to R.C. 3113.215. Appellee contends that the trial court abused its discretion by ordering an amount of child support in excess of the reasonable needs and the standard of living of the children as established by the evidence, and that the calculated amount of support far exceeds the reasonable needs of the children. Appellee also contends that the trial court erred in determining, as reasonable, amounts in appellant's proposed budget and in its allocation of common expenses.

The parties stipulated to their respective current annual gross incomes for purposes of calculating child support under the guidelines. Appellant's annual income was $30,000 and appellee's income was stipulated to be in the range of $624,000 to $653,956, of which the average is $638,978.

The referee prepared the child support guideline computation worksheet and determined that the basic combined child support obligation is $96,045 per year, which represents 14.65 percent of the combined parental income of $655,598. The amount varied more than ten percent from the current order and constituted a change in circumstances warranting modification of the order. R.C. 3113.215(B)(4). The referee found that the calculation indicates that appellee would have a support obligation of $92,203 per year ($7,683.58 per month or $3,841.79 per month per child).

The schedules are rebuttably presumed to be the correct amount of child support unless the court determines that the amount calculated would be unjust or inappropriate and would not be in the best interest of the child. The court must then enter in the journal the amount of child support calculated, that its determination of that amount would be unjust or inappropriate and would not be

in the best interest of the child, and findings of fact supporting that determination. R.C. 3113.215(B)(1)(a)(b).

A party rebutting the basic child support guideline amount has the burden of providing evidence which demonstrates that the calculated award is unjust, inappropriate or not in the best interest of the child. R.C. 3113.215(B)(1)(a).

Pursuant to R.C. 3113.215(B)(2)(b), when the combined gross income of both parents is greater than $150,000, the court shall determine the amount of child support obligation on a "case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents." The court may not order an award less than the same percentage of the parents' combined annual income as in the guidelines unless the court determines that it would be unjust or inappropriate and would not be in the best interest of the children, obligor, or obligee to order that amount. R.C. 3113.215(B)(2)(b).

An appropriate standard for the correct amount of child support has been discussed by this court in *Birath v. Birath* (1988), 53 Ohio App.3d 31, 37, 558 N.E.2d 63, 70, as:

"The amount necessary for child support is that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued. * * * "

The referee found the child support guideline obligation of appellee to be $3,841.79 per month per child. The referee considered the children's needs, the standard of living the children would have had if the parties had remained married, the disparity in the parties' incomes, a projected budget for the children, and the direct payments that appellee is obligated to pay. Considering these factors, the referee specifically found that it would be unjust, inappropriate and not in the best interest of the children to award that guideline amount, but awarded $4,000 per month or $2,000 per month per child.

A trial court's award of child support will not be disturbed absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. The term "abuse of discretion" connotes more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Id.* at 219, 5 OBR at 482, 450 N.E.2d at 1142.

This court finds no abuse of discretion in the trial court's decision. The court awarded an amount in the best interests of the children. The trial court found appellant's budget amounts to be reasonable except in the following areas:

1. Appellee was not required to provide a mortgage payment amount equal to the house he owns. The law does not require identical households.

2. Sports fees for golf and tennis lessons are paid directly by appellee. Appellee also has provided sports equipment to the children in the past and the court found no reason to order him to do so, believing he would continue to make the voluntary contributions; however, the trial court did include and amortize the cost of a new basketball pole.

3. Appellee also maintains health insurance for the children and the court ordered him to continue to do so and to pay any uncovered medical expenses.

4. Appellant requested $2,400 per year for the cost of televisions, CD players, computer games, cameras, etc. Since many of the items were one-time purchases, the trial court permitted one-half of the cost yearly and amortized the other half.

5. Appellant requested a college fund be established but the trial court excluded the cost from the support order. The divorce decree obligates appellee to contribute to the college expenses. This expense is not within the purview of a child support order and will become due and payable at the time the children attend college.

6. The trial court did not include the cost of cars for the children since neither one is of legal driving age.

7. The trial court also altered the amount of some items on appellant's "wish list," such as amortizing the cost of computers and a big screen television rather than providing a yearly amount.

Appellee contests the amount the trial court found reasonable, contending that some items provided a double benefit to appellant, such as the car lease and repair expenses, and sports, clothing and equipment. Appellee also contends that the amount budgeted for groceries and car washes is excessive. There was no evidence presented that these expenses are not incurred; appellant testified that she spends the money on such items. There is no abuse of discretion in such a finding.

The trial court found the yearly expenses for the children to be $45,363, of which appellee is responsible for $3,629.04 per month. The trial court awarded $4,000 per month to include the cost of some items which were not specifically delineated in the budget, such as home improvements, savings and miscellaneous expenses.

The trial court considered the factors in R.C. 3113.215(B)(3), which permit deviation from the guideline amounts. The trial court specifically mentioned the direct payments which appellee has been ordered to make, including the health

insurance and all uncovered health expenses, sports fees, lessons and college. Pursuant to R.C. 3113.215(B)(2)(b), the trial court considered the needs of the children when considering the proposed budget. The trial court also considered the standard of living of the children and the parents. Both parties admitted that the family lived a conservative lifestyle during the marriage. Appellee testified that, even if the parties had remained married, he would not provide all the luxuries to the children requested by appellant because he feels it is important to teach them a work ethic. Although appellee could afford to pay more, the impact on the obligor is not the only factor to be considered.

The child support order should permit the children's needs to be met and also permit the rather comfortable lifestyle which appellee now enjoys. The support guideline amount cannot be justified when compared to the reasonable needs and standard of living of the children as established by the evidence. The guideline amount far exceeds the amount which is reasonably necessary for the children under the circumstances of this case to maintain the standard of living they would have enjoyed had the marriage continued. The trial court found that the full guideline amount is unjust or inappropriate and not in the best interest of the children, and we find no abuse of discretion in that finding. Appellant's first assignment of error is not well taken.

Appellee contends that the trial court erred in ordering an amount of child support in excess of the reasonable needs and the standard of living of the children as established by the evidence, and that the calculated amount of support far exceeds the reasonable needs of the children. As discussed above, the trial court considered the necessary factors and reached a reasonable amount of support based upon the evidence and the circumstances of this case. The trial court did not abuse its discretion in this finding and appellee's first cross-assignment of error is not well taken.

Appellee also contends that the trial court erred in allocating the common expenses among appellant and each of the children. The trial court divided the common expenses by three and allocated two-thirds of the cost to the children. Appellee argues that the children do not consume two-thirds of certain expenses, such as mortgage, car insurance, and the car lease payment, and the expenses should be divided by two. However, the children derive benefit from these expenses and they are necessary expenses for their lifestyle. Dividing the common expenses by three, including each person, is a fair, though not the only, method of allocating the expenses. We find no abuse of discretion and appellee's second cross-assignment of error is not well taken.

By the second assignment of error, appellant contends that the trial court abused its discretion in terminating spousal support payable to appellant.

As in the case of child support awards, the trial court has broad discretion in making spousal support awards. *Turner v. Turner* (1993), 90 Ohio App.3d 161, 164, 628 N.E.2d 110, 111, citing *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950. An appellate court should not alter an award absent a finding of an abuse of discretion, which involves a finding that the trial court's determination was unreasonable, arbitrary or unconscionable. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298; *Blakemore,* 5 Ohio St.3d at 219, 5 OBR at 482, 450 N.E.2d at 1142. Appellate courts should not substitute their judgment for that of the trial court on factual or discretionary issues. *Turner,* 90 Ohio App.3d at 164, 628 N.E.2d at 111.

When considering an award of spousal support, a court should consider all fourteen factors listed in R.C. 3105.18(C), and award only an amount which is appropriate and reasonable, not an amount based upon need. R.C. 3105.18; *Turner* at 164, 628 N.E.2d at 111. Except in cases involving a marriage of long duration, parties of advanced age or a homemaker spouse with little opportunity to develop meaningful employment outside the home, an order of spousal support should terminate within a reasonable time where the payee spouse has the resources, ability and potential to be self-supporting. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus. A spouse who has the means to be self-supporting cannot reasonably expect to be supported by the payor spouse indefinitely.

The trial court found that spousal support should be terminated since a change of circumstances had occurred. R.C. 3105.18(F) provides that a "change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." This marriage was not of particularly long duration, five years, and appellant now has the resources and ability to be self-supporting. At the time of the divorce, appellant was not working. At the hearing, she stipulated that her income is $30,000. Also, appellant's mother provides $400 per month in exchange for living with appellant. In light of the evidence, there was no abuse of discretion by the trial court. Appellant's second assignment of error is not well taken.

By the third assignment of error, appellant contends that the trial court erred by creating a substantial income tax burden for appellant regarding the child support arrearages for the time period October 4, 1993 through June 27, 1995. The trial court found that the parties were entitled to have the support orders effective as of the date of the filing of the motions (October 1993 for child

support, and January 1994 for spousal support). Thus, an arrearage in support payments was created.

As to the arrearages, appellee was ordered to pay child support in the amount of $4,000 per month from October 1993 through June 1995. He had continued to make the previously required payments of $2,000 per month. The trial court found that the total amount due was $80,000 ($4,000 per month for twenty months). Appellee was also required to pay $1,000 in spousal support for October, November and December 1993, for a total of $83,000. By subtracting the amount that appellee paid, $40,000, an arrearage of $43,000 was created by the retroactive effect of the order.

Appellant contends that a tax burden was created by this arrearage because the trial court made payments in "future years" nontaxable, but did not specifically make this arrearage payment nontaxable.

The trial court made all payments made for child support in all future years nontaxable to appellant and nondeductible to appellee for federal income tax purposes. The arrearages were made as part of the current order, which made all payments of child support nontaxable. Even appellee admits that the payments were nontaxable. Clearly, the arrearage child support payment was nontaxable as are all future payments. Appellant's third assignment of error has no merit since she is contending that the trial court should have made the order which it did, albeit not in the clearest language possible. Appellant's third assignment of error is not well taken.

By the fourth assignment of error, appellant contends that the trial court erred by awarding appellant less than one-half of her attorney fees for prosecuting this action. An award of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894.

R.C. 3105.18(H) provides that a trial court may award reasonable attorney fees in divorce proceedings at any stage of the proceedings, and the court "shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees." The determination of whether to award attorney fees should be based upon the factors of R.C. 3105.18, specifically the relative earning abilities of the parties and the relative assets and liabilities of each. *Young v. Young* (Dec. 19, 1995), Franklin App. No. 95APF03–247, unreported, 1995 WL 912747, citing *Slife v. Slife* (Dec. 31, 1987), Franklin App. No. 85AP–701, unreported, 1987 WL 32231.

Although there is a substantial income disparity between the parties, appellant has income available to her and it is not unreasonable to award almost one half of

her attorney fees. We find no abuse of discretion in awarding $10,000 in attorney fees. Appellant's fourth assignment of error is not well taken.

By appellee's third cross-assignment of error, he contends that the trial court erred by failing to allow his expert witness to testify. Appellee sought to have an economist testify concerning extrapolating child support under the guidelines at higher income levels. Appellee contends that the expert would have testified that, for income levels that are in excess of $150,000 per year, the percentage of income spent on children decreases as opposed to remaining at a constant percentage level.

The trial court has broad discretion in the admission and exclusion of evidence and, in the absence of an abuse of that discretion which results in a material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291, 1298. The essence of the testimony was that the trial court should ignore the guideline schedule because the statistics indicate that the guidelines are not appropriate for combined incomes over $150,000. The expert had not interviewed the parties, studied their incomes and expenses, nor was his testimony directly related to this case. We find no abuse of discretion in excluding this evidence since the trial court followed the applicable statute in reaching its conclusion. Appellee's third cross-assignment of error is not well taken.

For the foregoing reasons, appellant's four assignments of error are overruled, appellee's three cross-assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.