OPINION
On June 25, 1996, plaintiff-appellee, Judith A. Wightman, filed a complaint for divorce against her estranged husband, defendant-appellant, Donald D. Wightman. At that time, appellee also filed a motion requesting temporary spousal support.
On March 25, 1997, the trial court granted appellee's motion for spousal support, and directed the appellant to pay to the appellee the sum of $1,800 per month. Thereafter, on April 3, 1997, appellant filed an answer to the complaint for divorce, as well as a motion for reconsideration of the court's award of temporary support. Appellant's request for reconsideration was treated by the trial court as a Civ.R. 75 motion for an evidentiary hearing. As such, the court held an evidentiary hearing and, on August 5, 1997, denied appellant's request for reconsideration.[1]
On July 7, 1998, appellant filed a second request for reconsideration, which the trial court granted and consolidated with the final hearing on the complaint. That hearing was held on July 22, 1998, and August 10, 1998. On September 16, 1998, the court entered a judgment and decree of divorce, in which it awarded appellee permanent spousal support in the amount of $225 per month. Appellant now appeals, raising the following two assignments of error:
 [I.] The trial court erred and abused its discretion by issuing a non-durational spousal support award in the amount of $225 per month when no spousal support should have been awarded.
 [II.] The trial court erred and abused its discretion by denying appellant's Civil Rule 75 motion.
Judith and Donald Wightman were married on September 6, 1969. The couple had two children, both of whom were emancipated at the time of the filing of the appellee's complaint. Appellee and appellant permanently separated in late February or March 1996, and, as noted, appellee filed her complaint for divorce on June 25, 1996.
Appellee is a graduate of Westerville High School. Appellant quit high school in the tenth grade, but later obtained a General Equivalency Degree (G.E.D.) while in the military. From 1972 until 1985, the parties lived and worked in Plain City, Ohio, on appellant's family farm. In 1985 or 1986, the parties moved to Westerville, Ohio, and each party obtained full-time employment outside of the home. Appellee took a position working for the Davey Tree Company as a secretary, and appellant began working in the construction industry with Mulbarger Construction.
Appellee testified at the time of trial that she had been employed on a full-time basis with the Davey Tree Company for thirteen years. Appellee's gross income during the 1996 tax year was approximately $30,000. At the time of trial, her projected gross income for the 1998 tax year was $37,178. Appellee also testified that she has health insurance and a retirement account containing approximately $4,000 with her employer.
Appellant testified that he worked for Mulbarger Construction Company from 1986 until 1994. By the end of his employment with Mulbarger, appellant was earning $15.50 an hour. From 1992 to 1994, appellant also worked evenings and weekends for the J.B. Hayes Construction Company. In 1994, appellant became exclusively employed by J.B. Hayes as a superintendent. As a superintendent, appellant earned between $20 and $25 an hour. In 1995, appellant had a taxable income of $60,645. Appellant testified that he earned approximately $72,000 in 1996, and $29,631 during the first three months of 1997, prior to the time he allegedly became disabled and unable to work. At the time of trial, the court noted that appellant had been receiving unemployment compensation since April, 1998.
In his first assignment of error, appellant attacks both the amount and duration of the spousal support awarded to appellee. A trial court has significant freedom to decide what is equitable when dividing marital assets and liabilities and in determining whether or not spousal support is reasonable and appropriate. Griffin v. Griffin (Mar. 9, 1993), Franklin App. No. 92AP-1305, (1993 Opinions 690), unreported. See, also, Schultz v.Schultz (1996), 110 Ohio App.3d 715. However, such discretion is not unlimited. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64.
Any grant of spousal support for sustenance is dependent upon the trial court's determination that support is reasonable and appropriate. R.C. 3105.18 sets forth the following factors to be considered by the trial court when awarding spousal support. In making its determination, the trial court must consider all the relevant factors set forth in R.C. 3105.18, and may not consider any one factor in isolation. See Kaechele v. Kaechele (1988),35 Ohio St.3d 93. R.C. 3105.18(C)(1) provides:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
In this case, the trial court made the following findings. In regard to R.C. 3105.18(C)(1)(a) and (b), the court found that the appellee earned $30,000, and the appellant earned $29,000, in 1997. While the court made no other findings in regard to appellee's income history prior to 1997, it found that the appellant, although noting that his income was inflated, was capable of earning between $35,600 and $72,000 a year. The court did not find that either of the parties had income from property or any source other than wages. However, the court did find that the appellant was voluntarily underemployed.
In regard to the physical, mental, and emotional conditions of the parties, the court found that while the appellee was in good health, that the appellant had several medical problems including being hospitalized for depression and bleeding ulcers, and work-related injuries. Although acknowledging appellant's health problems, the court stated that it did not find appellant's testimony as to the full extent of his alleged disabilities to be entirely credible. R.C. 3105.18(C)(1)(c).
In regard to retirement benefits, the court found that appellee would be entitled, as of the date of the decree, to $510 a month in Social Security retirement benefits. The court also found that appellee possessed a retirement account with her employer in the approximate amount of $4,000. As for appellant, the court found that he would be entitled to $830 a month at the time he was eligible to retire. R.C. 3105.18(C)(1)(d).
The court found the parties had been married twenty-nine years, and enjoyed a "middle class" lifestyle with few luxuries. R.C. 3105.18(C)(1)(e) and (g). In regard to the assets and liabilities of the parties, the court found that both had extensive consumer debt and few assets. R.C. 3105.18(C)(1)(i). The court also noted that bankruptcy was imminent for both parties. Finally, the court found that appellee had obtained a high school diploma and appellant a G.E.D. The court made no findings in regard to any of the remaining factors set forth in R.C. 3105.18(C)(1).
The purpose of spousal support is to afford a spouse a reasonable amount of time in which to become self-supporting.Kunkle, supra, at 68. The purpose of spousal support is not, and R.C. 3105.18 does not require, that an award provide the parties with an equal standard of living, or a standard of living which is equivalent to that established during the marriage. Id. at 70. Rather, the court must determine what amount, if any, will reasonably allow the recipient party to become self-supporting. When an award of spousal support is not limited to an amount reasonably calculated to enable the recipient party to become self sufficient, "the award has the effect of punishing the payor and rewarding the payee." Id.
In its judgment and decree of divorce, the trial court made a spousal support award of $225 per month to appellee. Having reviewed all of the circumstances, we find that the award of $225 is reasonable, and that the trial court did not abuse its discretion in setting the award for this amount.
We are also unable to find that the trial court abused its discretion when it made the award of spousal support indefinite in duration. As noted, the parties were married for twenty-nine years. Moreover, the trial court found that appellant was voluntarily underemployed and/or was not fully reporting his income. Finally, the court expressly retained jurisdiction to modify the award upon a change of circumstances. Having carefully reviewed the record, we find no abuse of discretion pertaining to the duration of the award. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant maintains that the trial court abused its discretion when it refused to review the propriety of its temporary order directing appellant to pay spousal support. We agree.
As noted, on March 25, 1997, a magistrate of the court ordered appellant to pay appellee $1,800 per month as temporary spousal support. The amount of the temporary award was based upon appellee's affidavit in which she claimed that her monthly expenses amounted to $2,893.55. However, as correctly noted by appellant, at trial appellee testified, and the trial court accepted appellee's testimony, that her monthly expenses amounted to only $1,380. Indeed, as of the date of the trial, appellant had, in fact, paid the appellee $4,145. More importantly, however, the trial court found that an award of only $225 per month was appropriate, significantly less than the $1,800 per month the trial court initially ordered. Thus, while the trial court found that an award of spousal support which did not even closely approach $1,800 per month was appropriate, the trial court on two occasions refused to review the propriety of its order. Additionally, in her affidavit submitted in support of the temporary order, appellee averred that appellant's income for 1996 was $87,000. However, at trial, the court found that appellant's highest income for the previous six years had only amounted to $72,000, or $15,000 less than the amount sworn to by the appellee.
Finally, and most disturbing, the trial court specifically found that the appellant was not financially able to pay the amount of the temporary award, yet it still refused to adjust that amount, reasoning that appellee could have "provided his wife with some portion of that amount." This ruling defies reason as it is clear that any award must be based not only on the payee's demonstrated need, but also on the payor's ability to pay. As noted, the statutory scheme does not permit a court to fine, penalize or reward either party. Accordingly, appellant's second assignment of error is sustained.
For the foregoing reasons, appellant's first assignment of error is overruled, and his second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this matter is remanded to that court to reconsider the propriety and reasonableness of its temporary award.
Judgment affirmed in part and reversed in part;and cause remanded with instructions.
TYACK and DESHLER, JJ., concur.
[1] No record of that hearing is available.