OPINION
Appellant, Michael George, and appellee, Tammy Haley, are the biological parents of the minor child, Kayla George. At the time of Kayla's birth, appellant and appellee lived together, but later separated. Soon thereafter, appellant and appellee entered into litigation to determine the custody and support of their child. Eventually, the parties were able to reach an agreement which provided for shared parenting and child support. That agreement was subsequently adopted by the trial court and made part of the court's parenting decree.
The parties' agreement provided that appellant's support obligation, then set by guideline at $287.18 per month, would be reduced by half, and that appellant would pay to the appellee the amount of $143.59 per month for child support. In so doing, the parties and the court specifically found that the guideline child support amount was not in Kayla's best interest.
The parties complied with the terms and conditions of the shared parenting decree until November 1997. However, over the 1997 Thanksgiving weekend, appellee interfered with appellant's visitation with Kayla. As a result, the trial court held appellee in contempt for violating the terms and conditions of the court's decree. As a sanction, the trial court ordered appellee to provide appellant with one extra week with Kayla in the summer of 1998, to allow appellant to have Kayla for the 1998 Thanksgiving holiday, and to pay appellant's attorneys' fees and costs.
After the contempt action was instituted, appellee petitioned the Franklin County Child Support Enforcement Agency ("FCCSEA") to increase the amount of child support paid to her by the appellant. At the administrative hearing, the FCCSEA determined that essentially no change in circumstances had occurred from the time of the agreed order and the time of the administrative hearing. The FCCSEA did determine, however, that the statutory guideline amount had decreased slightly from $287.18 a month to $279.18 a month. Nonetheless, the FCCSEA refused to recognize or abide by the court's deviation from the guideline amount. Rather, the FCCSEA recommended that appellant's support obligation be increased from $143.59 a month, to the then current amount of $279.18.
Appellant's ensuing objection to the FCCSEA's determination was referred to a magistrate of the trial court. The record reveals that at the hearing before the magistrate, appellee provided no evidence of any specific change in the parties' circumstances, and no evidence of any change that had not been contemplated by the parties at the time they entered into the shared parenting decree. The record also reveals that the appellant presented no evidence or testimony that the original downward deviation should be continued. Having completed the hearing, the magistrate issued a decision in which she found that appellee had demonstrated a ten percent difference between the amount of appellant's support obligation, and the then current guideline child support amount. Finding a greater than ten percent difference between the two, pursuant to R.C. 3113.215, the magistrate concluded that appellee had demonstrated a significant change in circumstances warranting an increase in appellant's monthly child support payment. Finding no evidence to support a continued downward deviation, the magistrate recommended that the FCCSEA's decision to increase appellant's monthly child support obligation be upheld.
On March 1, 1999, the trial court adopted the decision of the magistrate over appellant's objection. In so doing, the court held that, pursuant to R.C. 3113.215(B)(4), appellee need only demonstrate a ten percent difference between the current order and the guideline amount to justify a recalculation of the amount of child support. Finding a greater than ten percent difference between the original agreed award and the current guideline amount, the court upheld the increase finding that appellant had failed to rebut the presumption that an increase was warranted. Appellant now raises the following two assignments of error:
 I. THE TRIAL COURT ERRED IN MODIFYING THE CHILD SUPPORT WHEN APPELLEE ONLY MET THE TEN PERCENT THRESHOLD OF O.R.C. SECTION 3113.215(B)(4).
 II. THE TRIAL COURT ERRED IN MODIFYING THE CHILD SUPPORT BECAUSE IT WAS NOT IN THE CHILD'S BEST INTEREST.
R.C. 3113.215 is a comprehensive legislative enactment governing the calculation and award of child support. Marker v.Grimm (1992), 65 Ohio St.3d 139, 140. Generally, decisions regarding child support lie within the discretion of the trial court. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. However, the provisions of R.C. 3113.215 are mandatory and must be followed literally and technically in all material respects. Id. at 389.
R.C. 3113.215(B)(1) provides that the amount of child support shall be calculated in accordance with the basic child support schedule set forth in R.C. 3113.215(D), and the applicable model worksheet set forth in R.C. 3113.215(E) for cases involving a sole residential parent or a shared parenting order, or in R.C.3113.215(F) for cases involving split parental rights and responsibilities. Rock v. Cabral (1993), 67 Ohio St.3d 108, 110.
The amount calculated pursuant to R.C. 3113.215 is rebuttably presumed to be the correct amount of child support due.Id. at 110. Accordingly, deviations from the schedule and worksheets are not permitted absent strict compliance with the requirements of R.C. 3113.215(B)(1)(a) and (b). In this case, appellant's first assignment of error is easily disposed of. InSchultz v. Schultz (1996), 110 Ohio App.3d 715, this court held that "[a] party rebutting the basic child support guideline amount has the burden of providing evidence which demonstrates that the calculated award is unjust, inappropriate or not in the best interest of the child." Id. at 721. Likewise, in DePalmo v.DePalmo (1997), 78 Ohio St.3d 533, the Ohio Supreme Court stated that if a child support order already exists, the test to determine whether child support should be modified is set forth in R.C. 3113.215(B)(4), which states that a ten percent difference between the existing order and the amount as recalculated, constitutes a change of circumstances substantial enough to require a modification of the amount of the child support order.Id. at 539-540. See, also, Headly v. Headly (May 29, 1997), Franklin App. No. 96APF07-954, unreported.
In this case, the trial court had before it the statutory worksheet prepared by the FCCSEA. The court also had before it the original agreed entry. From these two, the trial court correctly concluded that a greater than ten percent difference exists between the recalculated amount of support and the amount of support set forth in the original order. To the extent that the magistrate and the trial court required appellant to establish that the guideline amount is unjust, inappropriate, or not in the best interest of the child, we find no error.Headly, supra. Accordingly, the trial court did not err in adopting the magistrate's determination that there had been a substantial change of circumstances, and that no evidence had been presented showing that a deviation was currently warranted. Therefore, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that an order requiring him to pay the full guideline amount would have a "negative impact" on his ability to provide for his daughter. There is, however, no evidence in the record to establish what the "negative impact" might be, or how it would come about. Without some specific evidence to support appellant's contention that a modification is not in the child's best interest, this court will not speculate as to how a change in the guideline amount would negatively affect the minor child. Accordingly, appellant's second assignment of error is also overruled.
Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
BOWMAN, P.J., and LAZARUS, J., concur.