OPINION
Defendant-appellant Steven E. Jacobs brings this appeal from the judgment of the Court of Common Pleas of Marion County denying his motion for modification of spousal support for plaintiff-appellee Dena E. Jacobs.
On January 22, 1972, the parties were married. In January of 1998, Appellant took a job in South Milwaukee, Wisconsin. Appellee did not move to Wisconsin with Appellant. Appellee filed a complaint for divorce on July 24, 1998. On September 17, 1999, the trial court entered a decree of divorce which required Appellant to pay spousal support of $800.00 per month for a period of five years. Appellant returned to Ohio and started a new job on September 20, 1999. The new job offered a salary of approximately 13.00 per hour rather than the $21.00 per hour he was making in Wisconsin. However, Appellant chose to return to Ohio to be closer to his family. On October 14, 1999, Appellant filed a motion to modify support due to a change of circumstances. A hearing was held on this matter on May 1, 2000. On July 10, 2000, the trial court entered judgment denying the modification. This judgment was based upon the court's finding that Appellant voluntarily reduced his income.
Appellant raises the following assignment of error.
 The trial court erred and abused its discretion by imputing income to [Appellant] based upon his previous job in a community different than the one in which he was a resident.
 Before an award of spousal support can be modified, the trial court must determine that a change of circumstances has occurred. R.C. 3214.05. A trial court has broad discretion in deciding to modify an award of spousal support. Schultz v. Schultz (1996), 110 Ohio App.3d 715, 675 N.E.2d 55. The trial court's decision will not be altered on appeal absent a finding of an abuse of discretion, which requires a finding that the decision was unreasonable, arbitrary or unconscionable. Id. An appellate court should not substitute its judgment for that of the trial court on factual or discretionary issues. Id. "A change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 In this case, the trial court determined that Appellant voluntarilyreduced his income by leaving the job in Wisconsin and accepting a lowerpaying job in Ohio. The testimony of Appellant is that he wanted to comeback to Ohio to be near his sick mother and his grown children and hisgrandchild. Although Appellant did not change employment just to reducethe amount of spousal support paid, Appellant's decision was stillvoluntary. Thus, no change of circumstances has occurred. Since theevidence supports the findings of the trial court, we find no abuse ofdiscretion. The assignment of error is overruled.
 The judgment of the Court of Common Pleas of Marion County isaffirmed.
HADLEY, P.J., and WALTERS, J., concur.