OPINION
Joan R. Board appeals from a judgment of the Clark County Court of Common Pleas which terminated her award of spousal support.
The pertinent facts are as follows. Joan and Thomas Board were married August 11, 1962. The parties were divorced on February 11, 1985. In the divorce decree, Dr. Board was ordered to pay $2,500 per month to Mrs. Board for her support, sustenance, and maintenance.
On February 22, 1999, Dr. Board filed a motion requesting the court to terminate his spousal support obligation to Mrs. Board. A hearing ("termination hearing") before a magistrate was conducted on November 30, 1999. On December 29, 1999, the magistrate issued a decision terminating Dr. Board's spousal support obligation to Mrs. Board. Mrs. Board filed objections to the magistrate's decision. An objection hearing was held on March 29, 2000. The trial court overruled the parties' objections to the magistrate's decision on May 24, 2000.
Mrs. Board now appeals the trial court's termination of her award of spousal support. She raises two assignments of error.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY TERMINATING SPOUSAL SUPPORT FOR THE SUSTENANCE OF APPELLANT AFTER APPELLEE FAILED TO DEMONSTRATE [A.] A SUBSTANTIAL AND UNFORESEEN CHANGE OF CIRCUMSTANCES AND [B.] SPOUSAL SUPPORT IS NO LONGER APPROPRIATE AND REASONABLE.
Mrs. Board argues that the trial court erred in terminating her spousal support award because the change of circumstances was contemplated by the parties at the time of the divorce and the overall circumstances did not justify a termination of the spousal support award.
A trial court has broad discretion to terminate a spousal support award. Schultz v. Schultz (1996), 110 Ohio App.3d 715, 724, 675 N.E.2d 55,61. Accordingly, absent an abuse of discretion, we will not reverse a trial court's judgment that terminates a spousal support award. Id. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. Id.
As we have previously stated:
 Deciding a motion for modification [or termination] of a spousal support award involves a two-step determination. First, the trial court must find that a change in circumstances exists. The change in circumstances must be substantial, and must not have been contemplated at the time of the prior order. Leighner v. Leighner (1986), 33 Ohio App.3d 214, [515 N.E.2d 625], first paragraph of syllabus. Once the trial court is satisfied that a change in circumstances exists, the next step is a re-examination of the existing order in light of the changed circumstances. The trial court must consider whether spousal support is still necessary and, if so, in what amount. In determining whether the existing order should be modified, the trial court is guided and limited by the consideration of all relevant factors, specifically those listed in R.C. 3105.18(C). Id.
Miller v. Miller (Dec. 28, 1994), Montgomery App. No. 14540, unreported.
R.C. 3105.18(C)(1) lists the following relevant factors: income of the parties, earning abilities of the parties, ages and conditions of the parties, retirement benefits of the parties, duration of the marriage, standard of living established during the marriage, relative education of the parties, relative assets and liabilities of the parties, and any other factor that the court finds to be relevant and equitable.
The magistrate made the following findings of fact. Although Mrs. Board was unemployed at the time of the divorce, at the time of the termination hearing she was a stable seven-year employee of the Ohio Bureau of Workers' Compensation and expected to gross $33,000 from that employment in 1999. Dr. Board was employed as a physician at the time of the divorce and was similarly employed at the time of the termination hearing. His annual salary of $160,000 to $170,000 had remained the same since the divorce. Further, he had become a partner in The American Kidney Stone Center. His adjusted gross income in 1998 was $299,765. His adjusted gross income in 1985 was $186,944.
Mrs. Board was 58 years old and Dr. Board was 63. Dr. Board anticipated retiring at age 65. At the time of the divorce, Mrs. Board had suffered a number of physical and mental illnesses which had required "many years of hospitalization." Those illnesses were being controlled with medication at the time of the termination hearing. At the time of the divorce, Dr. Board was in good health. At the time of the termination hearing, however, he was suffering from congestive heart failure, hypertension, Type II diabetes, osteoarthritis, and needed knee replacements. These conditions caused Dr. Board to forego conducting long surgeries which would require him to remain on his feet for extended time periods.
Mrs. Board was awarded retirement benefits in the amount of $130,000 at the time of the divorce. Those benefits had grown to $750,000 by 1998. As part of her employment with the Ohio Bureau of Workers' Compensation, she had participated in and had become a vested member of the Public Employee Retirement System ("PERS") Pension Plan. She also participated in a deferred compensation plan, deferring twenty percent of her gross income. At the time of the termination hearing, she had accrued approximately $70,000 in that plan. Her employment also provided her with free health care and term life insurance. Dr. Board's retirement benefits at the time of the termination hearing were approximately $1,300,000. His employment also provided him with free health care, dental, and eye care. The parties were married for more than twenty-two years. At the time of the termination hearing, they had been divorced for fifteen years. During their marriage, they had established a good standard of living. At the time of the divorce, Mrs. Board had a high school education. Following the divorce, she obtained a bachelor's degree in management. No evidence revealed that Dr. Board's education level had changed from the time of the divorce.
As of March 1999, Mrs. Board had $1,240,302 in assets and $105,000 in liabilities, leaving a net worth of $1,135,302. Her expenses were $4,365 per month. As of March 15, 1999, Dr. Board's net worth was $1,202,275. Following these findings of fact, the magistrate recommended a termination of the spousal support award without specifically stating which of the findings constituted the change in circumstances. In adopting the magistrate's decision, the trial court also failed to specifically name the change in circumstances.
After reviewing the record, we believe that there were at least two changes in circumstances in this case: Mrs. Board's acquisition of an education and employment and the decline in Dr. Board's health. Thus, we must determine whether the trial court abused its discretion in concluding that such changes in circumstances were substantial and not contemplated by the parties at the time of the divorce.
One change in circumstances related to Mrs. Board's acquisition of an education and employment. Mrs. Board argues that Dr. Board's testimony at the termination hearing indicated that he had contemplated that she would obtain an education and employment following the divorce. His testimony, however, merely stated that he had thought spousal support was supposed to be awarded to help a spouse get "on stable ground" and that Mrs. Board had used the spousal support as he had thought spousal support should be used. Such testimony did not indicate that, at the time of the divorce, he had thought that Mrs. Board actually would use the money to get an education and employment. In fact, Dr. Board's own testimony at the termination hearing indicated that Mrs. Board's mental and physical health was poor at the time of the divorce. Mrs. Board herself testified that, at the time of the divorce, she had had lupus, "extreme emotional psychiatric problems," and "had been hospitalized for years[.]" We cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably in concluding that Mrs. Board's acquisition of a bachelor's degree and a job that was providing her with $33,000 per year was a substantial change in circumstances that was not contemplated by the parties.
Another change in circumstances related to the decline of Dr. Board's health. Dr. Board testified that, at the time of the divorce, he had been in "good health" and that although he had had a heart attack at age 32, that heart attack had not caused him any further problems. At the time of the termination hearing, however, Dr. Board testified that he suffered from congestive heart failure, hypertension, type II diabetes, osteoarthritis, and two bad knees that were in need of repair. He stated that such ailments had prevented him from doing physical things that he had done in the past and had specifically caused him to stop performing long surgeries. Mrs. Board argues that the parties contemplated that Dr. Board's health would deteriorate because "[i]t may be reasonable to infer everyone's future capacity to be employed will be affected by deteriorating health that comes normally with age." (Emphasis and quotations deleted). We do not believe that the trial court acted unreasonably, arbitrarily, or unconscionably in concluding that the decline in Dr. Board's health was a substantial change in circumstances that was not contemplated by the parties at the time of the divorce. Although it might be reasonable to assume that a person's health will decline as he ages, we cannot conclude that the trial court abused its discretion in concluding that Dr. Board's health had declined more seriously and rapidly than the parties had contemplated.
Mrs. Board further argues that the trial court erred in concluding, after re-examining the original spousal support order in light of the changed circumstances, that spousal support was no longer necessary. The record reveals that Mrs. Board was unemployed at the time of the divorce and was earning $33,000 at the time of the termination hearing. Further, she was placing twenty percent of her gross income into a deferred compensation plan. Her wealth grew substantially between the time of her divorce and the date of the termination hearing. It is also clear that Dr. Board's health had seriously declined since the divorce and he was approaching retirement. Thus, we cannot conclude that the trial court abused its discretion in determining that, in light of the change in circumstances, the award of spousal support should be terminated.
The first assignment of error is overruled.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT FAILED TO RETAIN ITS JURISDICTION TO MODIFY SPOUSAL SUPPORT WHERE THE FOLLOWING EVIDENCE WAS UNCONTESTED: [A.] APPELLANT'S HISTORY OF SEVERE MENTAL ILLNESS AND CURRENT PSYCHOTHERAPY TREATMENT, [B.] APPELLANT'S DISABILITY AT THE TIME OF THE HEARING AND, [C.] APPELLANT'S CURRENT LIFESTYLE IS MUCH LOWER THAN WHILE MARRIED TO APPELLEE.
Mrs. Board argues that the trial court should have retained jurisdiction to modify the award of spousal support.
"The decision [of] whether to retain jurisdiction to modify a spousal support award is within the trial court's discretion." Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 755, 673 N.E.2d 156, 162. As we stated, supra, a trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner.
Although the record reveals that Mrs. Board's health was being controlled through medication at the time of the termination hearing, it is clear that she had suffered serious physical and mental health problems in the past. Further, she testified that at the time of the termination hearing, she was on disability leave and that her disability insurance had not yet started compensating her. Further, a large amount of Mrs. Board's wealth consisted of stock investments. Given the uncertainty of Mrs. Board's health and the uncertainty of the stock market, we believe the trial court acted unreasonably in terminating its jurisdiction over the award of spousal support.
The second assignment of error is persuasive. The trial court's adoption of the portion of the magistrate's decision which stated that the court would not retain jurisdiction of the spousal support award is reversed. The trial court shall retain jurisdiction of the spousal support award.
 ___________________ WOLFF, P. J.
BROGAN, J. and YOUNG, J., concur.