This appeal is taken from a judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, overruling objections to a magistrate's decision in a divorce action and ordering Defendant-Appellant, Kerry M. Reiter, to pay $1,500 per month in spousal support to Plaintiff-Appellee, Nancy Reiter. For the reasons expressed in the opinion set forth below, we affirm.
The record shows that Appellant and Appellee were married in August of 1973. Two children were born as issue of the relationship, both of whom were emancipated during all times relevant to this appeal.
After approximately twenty-four years of marriage, Appellee filed a complaint for legal separation on January 3, 1997. Appellant responded with a counterclaim for divorce on February 14, 1997, and a supplemental counterclaim on December 2nd of the same year.
The matter came on for hearing before a magistrate on January 9, 1998. On January 28, 1998, the magistrate issued his decision, recommending, among other things, that the court terminate the marriage and issue an order for spousal support in the amount of $1,500 per month continuing until Appellee dies or remarries.
Both parties filed timely objections to the magistrate's decision. Appellant specifically objected to the amount and duration of the spousal support award. The trial court eventually overruled the objections and adopted the magistrate's decision.
Although Appellant attempted to file a direct appeal, this Court dismissed the action for lack of a final, appealable order. In Reiter v.Reiter (May 11, 1999), Hancock App. No. 5-98-32, unreported, this Court concluded that since the trial court merely adopted the magistrate's decision without issuing an independent judgment on the outcome of the case, we were without jurisdiction to hear the appeal.
Upon remand, the trial court filed an entry on December 21, 2000, again overruling the parties' objections to the magistrate's decision. This same judgment entry also contained orders consistent with the magistrate's decision, including an order for the payment of spousal support in the amount of $1,500 per month, commencing on February 1, 1998, and continuing until Appellee either dies or remarries. In addition, the trial court retained jurisdiction to modify the support award in the event of a change of circumstances, including, but not limited to, Appellee's cohabitation with an unrelated man. It is from this final order that Appellant has perfected the instant appeal setting forth the following two assignments of error, which we have elected to discuss simultaneously: I. The trial court erred in failing to provide for a termination date of spousal support herein where the evidence showed that the recipients [sic] had been gainfully employed outside the home for significant times during the marriage.
 II. The trial court erred in computing spousal support for Plaintiff-Appellee by not considering the evidence before the court and failing to base the award upon demonstrating need of the Plaintiff-Appellee for her support.
 As a threshold matter, we observe that questions involving the issue of spousal support lie within the sound discretion of the trial court. Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 626. Thus, the decision of whether to order the payment of spousal support will not be overturned on appeal in the absence of an abuse of that discretion. Id. An abuse of discretion implies "more than a mere error of law or judgment; the trial court's attitude must have been unreasonable, unconscionable, or arbitrary." Id. citing In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137. Therefore, when employing this standard, an appellate court is prohibited from replacing its own judgment for that of the trial court. Bowen, 132 Ohio App.3d at 626.
R.C. 3105.18(B) vests the trial courts with the authority to award "reasonable spousal support to either party." R.C. 3105.18(C) governs the determination of such an award. This statute provides:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including but not limited to, any party's contribution to the acquisition of a professional degree of the other party.
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 We also note that under the current statutory scheme, spousal support is not based solely upon the needs of the recipient. See, e.g., White v. White (Jan. 21, 2000), Mahoning App. No. 98 CA 11, unreported, at *4; Schultz v. Schultz (1996), 110 Ohio App.3d 715, 724. Rather, the trial court is required to consider the factors enumerated in R.C. 3105.18(C) and "award only an amount which is appropriate and reasonable * * *." Schultz, 110 Ohio App.3d at 724.
In the case sub judice, the trial court found an award of $1,500 per month to be appropriate and reasonable based upon the evidence presented at trial. More specifically, the record shows that the parties had been married for approximately twenty-four years. Appellant, who was forty-four-years-old at the time of the hearing, has been employed at Ford Motor Company since 1973 and currently works as a licensed millwright. In 1997, Appellant earned more than $93,000 in gross income, and he anticipates that his base pay will continue to increase in future years. Additionally, Appellant has amassed a substantial retirement fund from his extended employment with Ford.
Appellee, on the other hand, earned approximately $8,614 in gross income in 1997. Appellee did work at various points throughout the marriage, however, at no time has she earned more than $15,000 per year. Appellee is currently employed as a sales clerk where she earns $5.15 per hour and works between thirty-two and forty hours per week. Her employer does not offer retirement benefits or insurance. Appellee has no special education or training beyond a high school diploma. Moreover, the evidence also demonstrates that Appellee suffers from a nervous condition, depression, and anorexia, and that these ailments would prevent her from obtaining further education or better employment.
In reviewing the circumstances and facts involved in this case, we believe that the award of spousal support was appropriate and reasonable. Thus, we cannot conclude that the trial court abused its discretion in this respect.
Likewise, we disagree with Appellant's contention that the trial court erred in failing to establish a termination date for the spousal support order. The Supreme Court of Ohio has explained that,
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
 Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus.
This case fits squarely within the Kunkle exception to the general rule that a trial court should provide a definite termination date when establishing a spousal support order. As mentioned, the parties were married for approximately twenty-four years. Appellee does not have a college degree and can expect to generate only a minimum wage annual salary, as opposed to Appellant who is able to earn over $93,000 per year. Additionally, Appellee is in her late forties and receives frequent therapy for mental health problems. Finally, we reiterate that the trial court did retain jurisdiction over the issue of spousal support in the event that any modification is warranted by a significant change of circumstances. For these reasons, we do not believe that the trial court abused its discretion. Accord, Boes v. Boes (Jun. 17, 1998), Seneca App. No. 13-98-10, unreported.
Appellant's first and second assignments of error are overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
HADLEY and SHAW, JJ., concur.