OPINION
{¶ 1} Plaintiff-appellant, Karen Faye Gillespie nka Rudd, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, terminating a spousal support order. We reverse the domestic relations court's decision.
 {¶ 2} In January 2002, appellant filed a divorce action against defendant-appellee, John Gillespie. In March 2003, the domestic relations court issued a divorce decree granting the parties a divorce and dividing the parties' assets. In the divorce decree, the court ordered appellee to pay appellant $416.67 per month in spousal support for a period of five years. The decree also stated as follows: "The Court shall retain jurisdiction to modify the amount of the spousal support, but not the duration, upon a demonstration of a change in circumstances."
 {¶ 3} Prior to the issuance of the divorce decree, appellant was involved in a serious automobile accident. Appellant sustained severe injuries, which left her temporarily unable to work. At the time the divorce decree was issued, appellant's personal injury case was pending. The decree stated that appellant would "retain all monies for reimbursement for wages from her personal injury case."
 {¶ 4} After the divorce decree was issued, appellant's personal injury case settled. The net amount received by appellant from the settlement was $173,153.42. Appellee subsequently moved to reduce or terminate spousal support based on appellant's settlement of her personal injury claim. Appellant moved to increase spousal support because she had recently fallen and broken her wrist. According to appellant, she was temporarily unable to work and had no employment benefits that would cover her salary.
 {¶ 5} After a hearing, a domestic relations court magistrate denied the motions of both appellant and appellee, keeping the spousal support amount the same as ordered in the divorce decree. The magistrate found that all of the settlement was from economic loss due to lost working ability. The magistrate found that both parties had failed to show a change in circumstances. The magistrate also ordered appellee to pay one half of appellant's attorney fees incurred in defending against appellee's motion.
 {¶ 6} Both parties filed objections to the magistrate's decision. After a hearing on the objections, the domestic relations court modified the magistrate's decision. The court found that appellant's receipt of her personal injury settlement was a change in circumstances. The court then terminated the spousal support order, finding that appellant was no longer in need of spousal support. The court also found that the parties should be responsible for their own attorney fees. Appellant now appeals, assigning three errors. Appellee assigns one error on cross-appeal.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court was foreclosed from considering Ms. Rudd's receipt of a personal injury award in ascertaining whether there had been a "change in circumstances" warranting modification of spousal support."
 {¶ 9} A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. Schultz v. Schultz (1996), 110 Ohio App.3d 715,724. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal. Id. More than an error of law or judgment, an abuse of discretion connotes that the trial court's decision is arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In order for a trial court to modify the amount or terms of spousal support, it must determine that (1) the divorce decree contained a provision specifically authorizing the court to modify the spousal support, and (2) the circumstances of either party have changed. R.C. 3105.18(E). A change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change in circumstances must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement. Cooper v. Cooper,
Clermont App. No. CA2003-05-038, 2004-Ohio-1368, at ¶ 17;Shroyer v. Shroyer, Coshocton App. No. 01-CA-011, 2001-Ohio-1901.
 {¶ 11} In this case, the divorce decree clearly stated that the domestic relations court could modify the spousal support award upon a showing of a change in circumstances. The decree also awarded appellant "all monies for reimbursement for wages from her personal injury case." Therefore, the question is whether the court abused its discretion in determining that a change in circumstances occurred.
 {¶ 12} We find that the domestic relations court abused its discretion in determining that appellant's receipt of the settlement proceeds constituted a change in circumstances. The court had considered the settlement at the time of the decree when it awarded the settlement to appellant and then set the spousal support. We find that the magistrate's analysis was proper. As the magistrate stated, the settlement was "to compensate [appellant] for the economic loss she suffered due to her reduced worklife expectancy as a consequence of her personal injury." The settlement was not an economic windfall for appellant, but was received as compensation for the negative consequences of her injuries. Specifically, the settlement compensated appellant for the income she would have been able to earn in future years. According to appellant's expert in vocational economics, appellant's post-injury worklife expectancy had been reduced from 16.5 years to 11.5 years by the accident, and the present value of appellant's economic loss was $193,125. Because the court had already awarded appellant all monies for reimbursement for wages from her personal injury case and because the settlement compensated appellant for lost earning capacity in future years well beyond the five-year length of the initial spousal support order, the settlement was not a change of circumstances and should have had no effect on whether the initial order was reasonable and appropriate.
 {¶ 13} The domestic relations court focused on how appellant spent the settlement proceeds. Specifically, the court noted that appellant spent a sizable portion of the proceeds on the down payment for a condominium, the down payment for a car, appliances, and furniture. The court found those expenditures to be an indication that appellant no longer needed the spousal support previously ordered. We disagree. Again, the settlement proceeds were reimbursement for lost wages, and to compensate appellant for her lost earning capacity in future years, years well beyond the five-year duration of the initial spousal support order. This settlement was awarded to appellant in the decree. While it may not have been prudent for appellant to quickly spend most of the proceeds of the settlement, it was hers to spend and the expenditures themselves cannot be a change of circumstance to justify modifying the decree as to spousal support. To do otherwise is to give appellee a windfall for appellant's injuries.
 {¶ 14} Based on our foregoing analysis, we sustain appellant's first assignment of error. The domestic relations court abused its discretion in finding that appellant's receipt of the settlement proceeds constituted a change in circumstances for the purposes of modifying spousal support.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "Even if, arguendo, there was a "change of circumstances," which there was not, the trial court erred in relying solely on "need" in assessing whether spousal support was "reasonable and appropriate."
 {¶ 17} In sustaining appellant's first assignment of error, we found that no change in circumstances occurred. Therefore, we dismiss appellant's second assignment of error as moot. See App.R. 12(A)(1)(c).
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "The trial court erred in denying ms. rudd an award of attorney's fees and costs incurred in deflecting Mr. Gillespie's post-decree motion."
 {¶ 20} R.C. 3105.18(H) provides that the domestic relations court may award reasonable attorney fees to either party at any stage of the proceedings, including proceedings arising from a motion to modify a prior order or decree. The decision to award attorney fees under R.C. 3105.18(H) is vested in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Carman v. Carman (1996),109 Ohio App.3d 698, 705.
 {¶ 21} We find that the domestic relations court abused its discretion in not awarding appellant attorney fees. Appellant, whose annual income is approximately $30,000, incurred significant expenses in defending against appellee's motion to reduce or terminate the initial spousal support order. Specifically, appellant deposed several experts in her attempt to show that the settlement was based on the reduction in her future incomeearning capacity. We find it unreasonable not to award appellant at least a portion of her attorney fees. As specified in the magistrate's decision, we order that appellee pay one half of appellant's attorney fees incurred in defending against appellee's motion. Accordingly, we sustain appellant's third assignment of error.
 {¶ 22} Appellee's Cross-Assignment of Error:
 {¶ 23} "The trial court erred by failing to make the effective date of termination the date of the filing of the motion."
 {¶ 24} Because we determined that the domestic relations court erred in granting appellee's motion to terminate or reduce spousal support, we dismiss appellee's cross-assignment of error as moot. See App.R. 12(A)(1)(c).
 {¶ 25} Accordingly, we reverse the judgment of the domestic relations court terminating spousal support and ordering the parties to pay their own attorney fees. As specified in the magistrate's decision, we order appellee to pay one half of the attorney fees incurred by appellant in defending against appellee's motion.
Young, P.J., and Valen, J., concur.