DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce, ordered the division of marital property, and ordered spousal support. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Jack Bauman sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court abused its discretion in the division of marital property, in that it did not consider the tax consequences of the division of marital property or the availability of the assets awarded to Plaintiff/Appellant.
"ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court abused its discretion in failing to consider all of the statutory factors required in fashioning an order for spousal support, in failing to retain jurisdiction to modify the order for spousal support, and in computing the amount and duration of spousal support.
"ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court abused its discretion in failing to obtain an accurate balance on the mortgage due and current valuation of the marital home before distributing the marital estate."
The undisputed facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1972 and had two children, both of whom were emancipated at the time of the divorce. For most of the marriage, appellee was a homemaker, although she held part-time jobs at various times and has a small retirement account accumulated during part-time work with the school system. Appellee did not hold a full-time job until after the parties separated but at the time of the hearing she was no longer working due to health problems. Appellant has been employed by Sandusky International since before the parties married and through that job participates in retirement and profit sharing accounts. The parties owned a home, two cars, and a variety of personal property. They stipulated to the division of the household goods and furnishings.
Final hearing on appellant's complaint for divorce was held on March 27 and 28, 2001. On June 7, 2001, the trial court filed its decision and judgment entry of divorce.
Appellant was awarded marital assets which included his car; his gun collection; half of his retirement account, which has a balance of $34,273; and half of his profit sharing account, which has a balance of $452,975, plus an additional $35,512 from that account. Appellant was delegated $24,524 in marital debt, which included his car loan, credit card debt and various consumer loan obligations, and his own legal fees. Appellant was ordered to pay spousal support of $1,020 per month for nine years.
Appellee was awarded marital assets in the form of the marital home with approximately $64,000 equity, her car, her retirement account with a balance of $2,416, half of appellant's retirement account, and half of appellant's profit sharing account (minus the additional $35,512 awarded to appellant). Appellee was ordered to assume marital debt in the amount of $48,290, which included the mortgage of $47,355, a credit card balance of $935, and her own legal fees.
In his first assignment of error, appellant asserts that the trial court erred because it did not consider the tax consequences of the division of marital property or the availability of the assets awarded to appellant pursuant to R.C. 3105.171(F)(4) and (6). Appellant also argues that while the division of marital property is nearly equal in dollar amount, it is not equitable because the majority of his award consists of retirement funds which represent before-tax dollars to which he has no access for almost ten years and that, in contrast, appellee's award consists largely of after-tax dollars available for her immediate use.
This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348;Berish v. Berish (1982), 69 Ohio St.2d 318; Worthington v. Worthington
(1986), 21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Bucklesv. Buckles (1988), 46 Ohio App.3d 102, 110.
Pursuant to R.C. 3105.171(F)(6), a trial court is required to consider the tax consequences of a property division. Ohio courts have held, however, that a trial court should not speculate as to potential tax consequences. James v. James (1995), 101 Ohio App.3d 668; Guidubaldi v.Guidubaldi (1990), 64 Ohio App.3d 361, 367. "For example, if the award is such that, in effect, it forces a party to dispose of an asset to meet obligations imposed by the court, the tax consequences of that transaction should be considered." Day v. Day (1988), 40 Ohio App.3d 155,159. However, where an appellant has failed to produce evidence of tax consequences in the trial court, or where nothing in the record suggests that an asset must be liquidated, tax consequences are speculative and need not be considered. See White v. White (Feb. 18, 1998), Summit App. No. 18275, unreported; Guidubaldi, supra, at 367-368.
In the case before us, there was no evidence presented as to potential tax consequences associated with the division of marital assets and any attempt by the trial court to consider the tax consequences of its division would be speculative and without evidentiary support. The trial court's order does not require appellant to liquidate any assets and thereby incur any adverse tax consequences.
Appellant also contends that the property division was unfair because appellee received more of the liquid assets and cites as an example the equity in the marital home, which he claims is immediately available for appellee's use and enjoyment. Pursuant to R.C. 3105.171(F)(4), liquidity is a factor to be considered when making an equitable distribution of marital property. A property division is to be reviewed in the context of the entire award, however, James, supra, at 680, and liquidity of assets is only one of the eight factors the trial court must consider pursuant to R.C. 3105.171(F). Appellant's argument that the equity in the marital home is a liquid asset "immediately available for appellee's use and enjoyment" is without merit. Appellee is in poor health and without any job training after years as a homemaker; possession of the marital home represents a form of security to her, not an asset to be liquidated in the near future. Upon viewing the property division in this case in its entirety, we do not find that the division was unreasonable, arbitrary or unconscionable. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by failing to consider the applicable statutory factors when making its order for spousal support, in computing the amount and duration of the award, and in failing to retain jurisdiction to modify the order.
Appellant argues that the entry is unclear as to jurisdiction to amend the duration or amount of the award. After ordering appellant to pay appellee $1,020 per month, the trial court stated in its entry:
 "5.03. The spousal support shall be paid for a definite term of One Hundred Eight (108) months. Said term shall be fixed and the Court shall retain jurisdiction of said issue. The spousal support shall otherwise be terminable upon the first happening of any of the following events: the Wife's remarriage or death of either party."
It is clear to this court that the trial court did reserve jurisdiction to modify the spousal support award and this argument is without merit.
Our review of a trial court's decision as to spousal support is limited to a determination of whether the court abused its discretion. Bowen v.Bowen (1999), 132 Ohio App.3d 616, 626. Prior to 1991, R.C. 3105.18(B) required a court to determine whether alimony/spousal support was necessary. On January 1, 1991, the legislative changes to R.C. 3105.18
became effective. Significantly, with respect to spousal support determinations, the amended statute substituted the phrase "appropriate and reasonable" for "necessary." The appropriate and reasonable standard is broader than the necessary standard that was applicable prior to the amendment of R.C. 3105.18. _Collins v. Collins (July 18, 1995), Franklin App. No. 95APF01-14, unreported. See, also, Taylor v. Taylor (Dec. 23, 1998), Summit App. No. 18424, unreported (defining the words "appropriate" and "necessary").
In deciding whether spousal support is "appropriate and reasonable" and in determining the "nature, amount, and terms of payment, and duration of spousal support," the trial court must consider all of the fourteen factors found in R.C. 3105.18(C)(1). Schultz v. Schultz (1996),110 Ohio App.3d 715, 724. The trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law."Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97; Glick v. Glick
(1999), 133 Ohio App.3d 821, 830.
Appellant argues that the trial court did not consider all of the factors listed in R.C. 3105.18(C)(1)(a)-(n). This court has thoroughly reviewed the trial court's judgment and it is clear that the trial court considered all of the statutory factors that are relevant to the parties' marriage, including the parties' income, their relative earning abilities, their ages and physical conditions, their retirement benefits, the duration of the marriage, the standard of living established during the marriage, the relative assets and liabilities of the parties, and the tax consequences of the award. The trial court concluded that, based upon the foregoing, an approximate equalization of the parties' income for a definite term would be appropriate and reasonable.
As to the amount and duration of spousal support, the order is for nine years, or one-third of the twenty-seven year marriage, which is certainly reasonable. Appellant earns a base salary of $54,000 and with overtime, his average income for the previous three years was $61,300. In light of appellee's poor health, her age, the duration of the marriage, the evidence that appellee worked only part-time or not at all while raising the parties' children, and other factors cited above, we find that the amount of spousal support ordered is appropriate and reasonable. Based on the foregoing, we find that the trial court did not abuse its discretion and appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court failed to obtain an accurate balance on the mortgage due and a current valuation of the marital home before distributing the marital estate. Appellant first argues that the appraisal of the home, completed in March 1999, is inaccurate because the area around the property had been developed between the time of the appraisal and the time of the hearing. The record shows, however, that appellant did not offer any evidence as to the value of the marital home, and there is no evidence that he made any effort prior to final hearing to obtain his own appraisal of the property. We therefore find that the trial court properly relied on the only evidence before it as to the value of the home and the land, and this argument is without merit.
Appellant further argues that the trial court's judgment was inconsistent because in the section of the entry dealing with the property settlement it referred to the mortgage as being "approximately $46,400" while in the section on marital debt it stated that appellee shall pay the mortgage due and owing "in the sum of approximately $47,355."
The only evidence before the trial court as to the balance on the mortgage was a bank statement which indicated that, as of December 2000, $46,398.47 remained due on the loan. The figure used by the trial court when making the property division was within two dollars of the amount entered into evidence. The other figure, quoted only for purposes of specifying that appellee was to assume responsibility for the mortgage, differed from the first figure by less than one thousand dollars. The discrepancy between the two amounts is of no effect when viewed in the context of the entire property division and this argument is without merit.
Based on the foregoing, we find appellant's third assignment of error not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J. Richard W. Knepper, J., JUDGES CONCUR.