DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce, made a division of marital property and awarded spousal support. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Michael Hancock sets forth the following assignments of error:
 {¶ 3} "I. The trial court abused its discretion and erred as a matter of law in its order to divide the marital property and debts of the parties. The trial court's determination results in an unequal division of marital property and marital debt.
 {¶ 4} "II. The trial court erred by awarding spousal support to appellee.
 {¶ 5} "III. The trial court erred in finding that $28,000.00 owed to appellant's parents be non-marital and in the form of a gift."
 {¶ 6} The undisputed facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1985, and at the time of the divorce had one minor child. Prior to the marriage, appellee worked for a hair salon, but did not work outside the home after their first child was born, although she did earn some money from in-home sales and by providing child care. At the end of 1999, appellee began working at Bryan Eye Care Center on a full-time basis earning $9.50 per hour. Appellant has been self-employed since he started a concrete contracting business in 1987. He operated the business out of the marital home and constructed a barn on the property for his equipment.
 {¶ 7} Appellee filed a complaint for divorce on February 4, 2000. Appellant answered the complaint and, on May 30 and September 19, 2000, the matter was heard by a referee. The magistrate issued a decision on February 2, 2001, and appellant filed timely objections. On April 30, 2001, the trial court adopted the decision of the magistrate. Appellant filed a timely appeal but the case was dismissed by this court on March 8, 2002, because the trial court's judgment was not final and appealable. After the parties stipulated that the marital real estate had been sold, the trial court filed an order on May 23, 2002, ratifying its prior order and finding that its ruling appeared to be a full and complete adjudication of all justiciable issues in the case. This appeal followed.
 {¶ 8} In his first assignment of error, appellant asserts that the trial court's division of marital property was an abuse of discretion which provided appellee with a windfall at appellant's expense.
 {¶ 9} This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348; Berish v. Berish (1982), 69 Ohio St.2d 318;Worthington v. Worthington (1986), 21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Buckles v. Buckles (1988), 46 Ohio App.3d 102,110.
 {¶ 10} The Supreme Court of Ohio has held that "the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Cherry, supra, at paragraph two of the syllabus. As to fashioning a division of marital property, this court held inSpychalski v. Spychalski (1992), 80 Ohio App.3d 10, 15: "A domestic relations court is required, after granting a divorce, to equitably divide and distribute the marital property. * * * In this context, the term `equitable' does not mean `equal;' a court begins its analysis with a potentially equal division of the marital property and adjusts that division after a consideration of the relevant factors found in R.C.3105.18(B). [Citations omitted.]"
 {¶ 11} R.C. 3105.171(C)(1) states: "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 12} Appellant also asserts that the trial court failed to make specific findings in support of what he terms as a disproportionate division of the marital assets and liabilities. This argument is without merit. Prior to setting forth the division of marital property in its judgment entry, the trial court made extensive findings as to the value of various items of personal property and the parties' agreement as to the division thereof, the parties' vehicles, appellant's business equipment and the marital home. Appellant also appears to assert that since the accounts receivable for his business were allocated to him as part of his share of the marital assets, appellee's future wages should have been figured into the "marital division," although he does not explain how that would be feasible.
 {¶ 13} The trial court allocated to appellant assets totaling $56,350 which included personal property and various vehicles, and an additional $22,000 representing the accounts receivable for his business. Appellee received assets totaling $21,274. She also was ordered to pay marital debt of $250 for a purchase she had made, $59 per month for their daughter's music lessons and $50 per month for orthodontic expenses.
 {¶ 14} Appellant indicated to the trial court that he wished to retain the marital home and continue his ownership of his business. Appellee testified that she would consent to appellant keeping the marital home under certain conditions which included an equitable property settlement for herself. As to the marital home, the trial court awarded the home to appellant provided he was able to obtain refinancing on the real estate debt and the business debt, remove appellee from the mortgage indebtedness and pay her the appropriate property settlement within 45 days of the order. The trial court ordered that if those conditions could not be met, the real estate should immediately be listed for sale. The trial court retained jurisdiction over the disposition of the real estate and ordered that when the property was sold the parties would pay the first mortgage and equally divide the net profit.
 {¶ 15} Appellant essentially argues that appellee received a windfall and that the trial court should have ordered the home sold and the net profits divided between the parties, which is exactly what happened. It appears from the record that the trial court made a thoughtful and reasonable division of marital assets and debts. Appellant received a significantly larger portion of debt because he owned a business to which was attached over $79,000 in debt. Based on the evidence that was before the trial court and the law as set forth above, this court finds that the trial court's division of marital property was not unreasonable, arbitrary, or unconscionable and therefore was not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 16} In his second assignment of error, appellant asserts that the trial court failed to properly apply the factors set forth in R.C.3105.18 and erred by awarding spousal support. Appellant appears to argue that appellee does not need spousal support and is voluntarily underemployed.
 {¶ 17} Our review of a trial court's decision as to spousal support is limited to a determination of whether the court abused its discretion. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. Prior to 1991, R.C. 3105.18(B) required a trial court to determine whether alimony/spousal support was necessary. On January 1, 1991, the legislative changes to R.C. 3105.18 became effective. Significantly, the new statute substituted the words "appropriate and reasonable" for "necessary" with respect to spousal support determinations. The "appropriate and reasonable" standard is broader than the previously applicable "necessary" standard.
 {¶ 18} In deciding whether spousal support is "appropriate and reasonable" and in determining the "nature, amount, and terms of payment, and duration of spousal support," the trial court must consider all of the fourteen factors found in R.C. 3105.18(C)(1). Schultz v.Schultz (1996), 110 Ohio App.3d 715, 724. The trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97; Glick v. Glick
(1999), 133 Ohio App.3d 821, 830.
 {¶ 19} The trial court clearly set forth its consideration of the factors found in R.C. 3105.18 as they apply to this case. In so doing, the trial court found that appellee had increased and maximized her earnings during the pendency of the divorce; appellant had the ability to increase his net profit through his own labor; appellee was 40 years old and appellant 42 and both parties were in good physical and mental health; neither party has retirement benefits and appellant's social security will be greater than appellee's due to higher reported earnings; appellee remained at home while the children were young, thereby weakening her future employability; the parties built through their own efforts and financial resources a home valued in excess of $200,000; the parties went on family vacations, which appellant has continued to do but which appellee has not been able to afford since they separated; neither party has post high school education; and financial issues created a great deal of stress on the parties and were a major factor in the decision to end the marriage. The trial court ordered appellant to pay appellee spousal support of $300 per month for 48 months.
 {¶ 20} Based on the foregoing, this court finds that the trial court's award of spousal support was not an abuse of discretion and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 21} In his third assignment of error, appellant asserts that the trial court erred by finding that $28,000 which the parties received from appellant's parents was a gift. Appellant argues that the money was marital debt.
 {¶ 22} The record reveals that Richard Hancock, appellant's father, testified that he had given the parties a sum of money in the past. He could not provide any details of a repayment plan and indicated he did not have a written record of the balance owed or of any payments made. He also stated that nothing had been put in writing as to repayment or interest and that no payments had been made for the past two or three years. Hancock further testified that he did not know for a fact how the parties spent the money.
 {¶ 23} The trial court found that there was no documentary evidence of an agreement to repay the money or that any part of the amount had been repaid. The court further found that there was no evidence that appellant's parents had taken any steps to enforce repayment and it declined to order either party to repay the sum. Based on the foregoing, we find that the trial court reasonably rejected the argument that the $28,000 constituted a marital debt. Accordingly, the trial court did not abuse its discretion in refusing to treat the $28,000 sum as genuine indebtedness and appellant's third assignment of error is not well-taken.
 {¶ 24} Based on the foregoing, this court finds that substantial justice was done the party complaining and the judgment of the Williams County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.