DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth Lute appeals from the Scioto County Domestic Relations Court's modification of his child support obligation. He presents three assignments of error for our review: (1) in modifying his child support obligation, the trial court failed to consider factors that favor a deviation in child support, including a change in health insurance coverage, and a change in the allocation of federal tax exemptions for the dependent children; (2) the magistrate's decision contained errors of law, as well as various facial defects; and (3) the trial court erred in failing to grant his Civ.R. 60(B) motion for relief of judgment. Because the trial court considered all of the evidence before it and properly denied Lute's objections to the Magistrate's Decision, we reject his first and second assignments of error. However, because the magistrate and trial court inadvertently failed to include a child support worksheet that included a credit for health insurance, the trial court should have granted Lute's Civ.R. 60(B) motion for relief from judgment. Thus, we sustain Lute's third assignment of error in part.
 {¶ 2} In July 1990, the Scioto County Domestic Relations Court terminated Kenneth Lute's and Elisabeth McCastle's marriage. As part of the dissolution of marriage, the court named McCastle the custodial parent of the couple's two children, ordered Lute to pay $100 a month for child support, and ordered Lute to provide health insurance for the children. In its entry, the court stated that it deviated from the child support guideline amount of $297.20 a month because Lute was responsible for the debts of the marriage, which totaled $604.95 a month. Further, the court ordered Lute to "report to the CSEA at the end of 18 months for a possible revision of this order as it pertains to child support." However, the record does not reflect that Lute complied with this order. Following the dissolution of marriage, McCastle moved to Arizona with both children. In 1992, the trial court granted Lute's motion to set visitation, which resulted in the children residing with Lute for three months during the summer and authorized Lute to suspend child support payments while he had the children during the summer.[2]
 {¶ 3} In October 2000, at McCastle's request, the Scioto County Child Support Enforcement Agency (CSEA) conducted an administrative review of Lute's child support obligation. The CSEA conducted its review and recommended that Lute pay $428.60 a month for child support. The CSEA denied Lute's request for an administrative hearing and notified him that it did not receive a request for a court hearing. Consequently, the CSEA presented its order to the trial court. In November 2000, the trial court adopted the CSEA's recommendation and issued a wage withholding order to Lute's employer for $428.60 a month.
 {¶ 4} In January 2001, Lute filed a motion to modify child support, alleging a "substantial change of circumstances." After a hearing on his motion, the trial court found, despite the CSEA's assertion to the contrary, that Lute had timely objected to the CSEA's recommendation and was entitled to a court hearing before the court adopted the CSEA's recommendation. Therefore, the court vacated its November 2000 wage withholding order of $428.60, reinstated Lute's original child support obligation of $100 a month, and set a hearing date.
 {¶ 5} So that McCastle would not have to travel from Arizona, the parties consented to a "memorandum" agreed entry where both parties agreed to "submit issues to court without oral hearing, just [the] court's consideration of exhibits and sworn testimony offered." In addition, the memorandum entry provided that the parties would submit all of their information, i.e., exhibits and sworn testimony, to the court by September 1, 2001. Finally, the memorandum entry indicated that Lute's counsel would prepare a formal entry journalizing the agreement and warned that the failure to do so could result in dismissal. However, Lute's counsel failed to provide an entry journalizing the agreement and the parties did not submit their information to the court by September 1, 2001.
 {¶ 6} On September 7, 2001, the court issued a "Notice of Dismissal" because Lute's counsel failed to provide an entry journalizing the party's agreement. The court's entry stated that "this matter be scheduled for hearing upon the Court's motion to dismiss on Monday, September 19, 2001, at 11:30 a.m. * * * Presentation of said judgment entry or cause shown before September 19, 2001, shall cancel said hearing." McCastle filed "objections" to the dismissal and requested judgment in her favor, but she did not submit any exhibits or sworn testimony. On September 19, 2001, Lute's counsel apparently submitted the entry journalizing the party's prior agreement but the court did not file that entry until October 12, 2001.[3] On September 20, 2001, Lute filed a motion seeking to modify companionship and visitation, a motion to allocate dependency exemptions, and a motion seeking to modify the health care order. Lute also provided the court with exhibits and arguments in support of his motions. However, Lute did not provide sworn testimony of any kind.
 {¶ 7} On January 25, 2002, the Scioto County Domestic Relations Court filed its "Magistrate's Decision and Entry with Notice." In addressing the entry that was to formally journalize the party's agreement, the court found "to date no Judgment Entry has been submitted." Further, the court refused to consider Lute's "new motions" and addressed only the administrative review of child support. The court found: "Plaintiff requests a deviation in child support for various reasons, one of which is the extraordinary cost of transportation. However, no evidence of the cost of visitation/parenting time, or the frequency of Plaintiff's exercise of parenting time was submitted. * * * Further, the Court finds insufficient evidence has been submitted to justify deviating from the guidelines. Bare assertions that certain deviation factors exist along with copies of monthly bills in no way justify ordering a deviation from the guidelines." Thus, the court ordered that Lute pay $426.24 a month child support as the guideline amount it derived from the child support worksheet.
 {¶ 8} Lute submitted timely objections to the Magistrate's Decision, a motion for relief from judgment, and a new motion to modify child support. The court overruled Lute's objections to the Magistrate's Decision and his motion for relief from judgment. There is nothing in the record to reflect that the court addressed the merits of Lute's new motion to modify child support. Subsequently, Lute filed this appeal and assigned the following errors: "FIRST ASSIGNMENT OF ERROR — The trial court erred in granting the motion to modify support when it excluded from its determination Mr. Lute's evidence on deviation factors, health insurance costs, uninsured medical and tax dependency allocation and proceeded without provision of complete income information and necessary information to determine which parent may claim the children as tax dependents from Ms. McCastle, despite the court's order and the requirements of Revised Code 3119.02, 3119.03, 3119.05, 3119.23,3119.31, and Revised Code 3119.82. SECOND ASSIGNMENT OF ERROR — The trial court erred in denying the objection motion when the magistrate's decision contains errors on its face. The revised child support order failed to complete all portions of the required worksheet calculation; allocate the co-payment and deductible costs required under the health insurance policy; allocate tax dependents for federal tax purposes; include mandatory notice language and excluded evidence already deemed admissible by the court upon agreement of the parties. THIRD ASSIGNMENTOF ERROR — The trial court erred in denying the motion for relief from judgment, in light of Mr. Lute's demonstration of operative facts justifying relief."
 {¶ 9} Before proceeding to the merits, we address the procedural framework for an administrative review of child support. Under current practice, either party may request an administrative review of court ordered child support. R.C. 331.216.[4] See, also, Sowald 
Morganstern, Domestic Relations Law (2000 Ed.) 17, Section 22.11. Following the CSEA's recommendation, either party may request an administrative hearing and, ultimately, a court hearing. R.C.3113.216(C)(3)(d). See, also, R.C. 3113.21(C)(1)(c). If neither party requests such a hearing, the CSEA will submit its recommendation to the court for inclusion in a revised child support order. R.C.3113.216(C)(3)(e). The CSEA, at both the administrative review and the administrative hearing, must order the amount of child support provided for in the statutory child support guidelines. Headley v. Headley (May 29, 1997), Franklin App. No. 96APF07-954. If either party desires a deviation from the statutory child support guideline, that party must appeal the CSEA's recommendation to the court. Id. Moreover, this review and modification process is limited to the child support order. R.C.3113.21(C)(1)(c)(ii); Ohio Adm. Code 5101:1-30-404(I); Gdula v. Gdula, Belmont App. No. 99BA37, 2001-Ohio-3329. See, also, Ohio Adm. Code 5101:1-30-403(A)(4). If a party desires to challenge custody, visitation, or any other aspect apart from child support, that party must file a separate motion and proceed independently with appropriate notice. Gdula, supra.
 {¶ 10} When reviewing a CSEA's recommendation regarding child support, the court must "schedule and conduct a hearing to determine if the revised amount of child support is the appropriate amount and if the amount of child support being paid under the child support order otherwise should be revised." R.C. 3113.21(C)(1)(c)(i). The court must also provide the parties notice of the hearing and, if necessary, each party must provide copies of various records, including W-2 statements, pay stubs, and proof of health insurance. R.C. 3113.21(C)(1)(c)(ii). See, also, Sowald Morganstern, supra.
 {¶ 11} Under Civ.R. 53(E)(4)(c), if the trial court adopts a Magistrate's Decision before a party files timely objections to the Magistrate's Decision, the trial court's adoption of the decision is automatically stayed until the trial court addresses the objections. Since Lute's first assignment of error addresses the trial court's adoption of the Magistrate's Decision and his second assignment of error addresses the trial court's denial of his objections to the Magistrate's Decision, we will address both assignments of error together.
 {¶ 12} In both assignments of error, Lute argues the trial court erred in granting the motion to modify because it did not consider his evidence regarding deviation factors, including health insurance costs and tax dependency. In addition, Lute contends the court proceeded without income information or any other evidence from McCastle. Finally, Lute argues the trial court erred in denying his objections to the Magistrate's Decision because the decision contained reversible errors on its face. A trial court's decision regarding child support obligations falls within the sound discretion of the trial court. Pauly v. Pauly,80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108. Thus, absent an abuse of discretion, we will not reverse a trial court's decision regarding child support. Id. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, unconscionable, or arbitrary. Landis v. Grange Mut. Ins. Co.,82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140.
 {¶ 13} R.C. 3113.215 sets forth the procedures the CSEA and trial courts must follow when calculating a parent's child support obligation. R.C. 3113.216(B)(6); Rock v. Cabral (1993), 67 Ohio St.3d 108, 110,616 N.E.2d 218. R.C. 3113.215's terms are mandatory in nature and courts must follow them literally and technically in all material respects.Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus.
 {¶ 14} R.C. 3113.215(B)(1) requires courts to make their child support calculations in accordance with the basic child support schedule set forth in R.C. 3113.215(D) and the applicable child support worksheet set forth in R.C. 3113.215(E) or (F). The amount of child support calculated using the schedule and worksheet is rebuttably presumed to be the correct amount of child support due. R.C. 3113.215(B)(1). But, a party desiring a deviation from this amount may rebut this presumption by presenting evidence to the trial court that the amount calculated would be unjust or inappropriate and would not be in the best interest of the children. R.C. 3113.215(B)(1)(a); Schultz v. Schultz (1996),110 Ohio App.3d 715, 721, 675 N.E.2d 55.
 {¶ 15} The court noted that Lute's separate motions for modification of companionship, visitation, allocation of dependency exemptions, and a modification of health order were not properly before the court. The only matter a court considers when reviewing an administrative modification of child support under Ohio Adm. Code 5101:1-30-404 is child support. Thus, the trial court did not err in this proceeding in not considering Lute's motions for companionship, visitation, allocation of dependency exemptions, and a modification of health order.
 {¶ 16} The trial court stated that it would "proceed to make a determination of the Motion to Modify Child Support." The court found Lute failed to produce evidence of the cost of visitation and parenting time or the frequency of visitation and parenting time. Thus, the court found Lute was not entitled to a deviation from the guideline amount of child support. The record contains evidence of Lute's monthly income and various monthly expenses but it does not contain evidence of the cost or frequency of visitation. Lute did not carry his burden to rebut the presumption in favor of the statutory guideline amount of child support. Thus, the trial court did not abuse its discretion in failing to deviate from the guideline amount of child support.
 {¶ 17} While Lute argues that the trial court should not have proceeded without more income information from McCastle, the record contains the CSEA's child support worksheet, Lute's child support worksheet, McCastle's 1999 federal tax return, and McCastle's 2000 W-2's forms. With these documents, the trial court had sufficient evidence of McCastle's income to review the CSEA's recommendation. Thus, the trial court did not abuse its discretion.
 {¶ 18} Our review of the record also indicates the magistrate did not exclude any evidence. Instead, the court found Lute provided "insufficient evidence" because he made "bare assertions" and only provided copies of monthly bills. He did not itemize and document visitation expenses. Under R.C. 3113.215(B)(1)(a) and Schultz, supra, Lute had the burden to establish why the statutory guideline amount of child support was unjust or inappropriate and not in the children's best interest. Thus, the trial court did not abuse its discretion in this regard because it considered Lute's evidence and simply found that it failed to justify his request for a deviation.
 {¶ 19} Lute also contends the magistrate's statement that he failed to submit the entry journalizing the memorandum of agreement is reversible error. But, when the trial court addressed Lute's motion for relief from judgment, it noted that the entry was filed on October 12, 2001. Moreover, the magistrate's "misstatement" did not impact the court's review of the Magistrate's Decision. Thus, if there was any error here, it could only be harmless. Lute's first and second assignments of error are overruled.
 {¶ 20} In his third assignment of error, Lute argues the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment because the court failed to rule on all issues submitted to it. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: 1) a meritorious claim or defense; 2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) timeliness of the motion. Buckeye Fed. Sav. Loan Assn. v.Guirlinger (1991), 62 Ohio St.3d 312, 314, 581 N.E.2d 1352. The trial court will overrule the motion if the movant does not meet all of these three requirements. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351,453 N.E.2d 648. Absent an abuse of discretion, we will not disturb a trial court's decision on a Civ.R. 60(B) motion for relief from judgment. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 21} Under Civ.R. 60(B)(1), the court may relieve a party from a final judgment based on mistake, inadvertence, surprise or excusable neglect. In his Civ.R. 60(B) motion to the trial court, Lute argued the trial court failed to address all of the issues before it. Specifically, Lute argued the magistrate inadvertently failed to complete the required child support worksheet because he did not receive a credit for providing health insurance to the children.
 {¶ 22} Our review of the record confirms that the CSEA's child support worksheet included a credit in Lute's favor for health insurance but the court's child support worksheet did not. Interestingly, the child support worksheet Lute provided to the court also failed to include a credit for health insurance. Thus, Lute's counsel invited the error about which she now complains.[5] Nevertheless, we conclude that appellant is entitled to credit for the marginal health care expenses under Item 20 of the worksheet. In the interests of justice, we construe the motion for relief from judgment to be based upon counsel's mistake, inadvertence or excusable neglect in failing to fill in an amount for marginal health care costs. Accordingly, we reverse and remand solely for a determination of the appropriate credit appellant should receive for marginal health care costs.
 {¶ 23} Judgment affirmed in all other regards.
JUDGMENT AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART and that Appellant and Appellee split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.
[2] Lute's brief characterizes this action as a deviation from the child support guidelines due to extraordinary costs of visitation. We do not view this as a deviation because the trial court did not make a finding under R.C. 3113.215(B)(1)(a) that the guideline amount of child support was unjust or inappropriate and would not be in the best interest of the children.
[3] The record reflects that Lute's counsel submitted the entry to the court. Lute's counsel maintains that she submitted the entry on September 19, 2001, but no date, except for the file stamp, appears on the entry.
[4] In 2000, the legislature amended many of the child support statutes with SB 180, with an effective date of March 22, 2001. Since McCastle requested that the CSEA review Lute's child support obligation in October 2000, we will cite to the statutes in effect at that time. The amended child support statutes also provide for administrative review of child support. See, R.C. 3119.60, et seq.
[5] Not only did counsel omit the healthcare credit on the worksheet, but the documentation she provided the court concerning income and expenses can best be described as a hodgepodge of receipts, pay stubs, bills, etc. that is almost undecipherable.