DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, Domestic Relation Division, that granted the parties a divorce and ordered the division of marital property. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Debra Green sets forth the following assignments of error:
 {¶ 3} "Assignment of Error No. I
 {¶ 4} "The trial court erred and abused its discretion in fashioning the property settlement in the Judgment Entry filed December 5, 2002.
 {¶ 5} "Assignment of Error No. II
 {¶ 6} "The trial court erred and abused its discretion by failing to award Mrs. Green spousal support."
 {¶ 7} The undisputed facts that are relevant to the issues raised on appeal are as follows. In July 2000, appellee filed a complaint for divorce against appellant. The parties had been married since 1993, and had no children together. At the time of the final judgment entry of divorce, appellee was 40 years old and appellant was 45 years old. They met in 1992, while both were working at German Village Products. Appellant was still working there at the time of the divorce, while appellee took another job in 2001. This matter came to trial in July and August 2002, and on December 5, 2002, the trial court filed its judgment entry of divorce. This appeal followed.
 {¶ 8} In her first assignment of error, appellant sets forth several arguments in support of her claim that the trial court's division of marital property constituted an abuse of discretion. Appellant argues that the trial court failed to determine the value of certain marital assets; that the trial court should have found that appellee's separate rental property had transmuted into marital property; that funds from both parties' separate accounts were commingled for various purposes during the marriage; and that the trial court's division of the equity in the marital home was an abuse of discretion.
 {¶ 9} This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348; Berish v. Berish (1982), 69 Ohio St.2d 318;Worthington v. Worthington (1986), 21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Buckles v. Buckles (1988), 46 Ohio App.3d 102,110.
 {¶ 10} The Supreme Court of Ohio has held that "the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Cherry, supra, at paragraph two of the syllabus. As to fashioning a division of marital property, this court held inSpychalski v. Spychalski (1992), 80 Ohio App.3d 10, 15: "A domestic relations court is required, after granting a divorce, to equitably divide and distribute the marital property. * * * In this context, the term `equitable' does not mean `equal;' a court begins its analysis with a potentially equal division of the marital property and adjusts that division after a consideration of the relevant factors found in R.C.3105.18(B). [Citations omitted.]"
 {¶ 11} This court has carefully reviewed the trial court record, including the transcript of the hearing, the evidence presented, and the trial court's judgment entry of divorce. As to the issues raised by appellant, we find the trial court's decision thorough and well-reasoned. The evidence adduced during the pendency of this divorce clearly indicated an
 {¶ 12} intent by each party to maintain his and her own estates separate and apart from the marital estate. Each party owned separate real estate prior to the marriage and, while each assisted the other in the maintenance of those properties for several years, such efforts were not sufficient to cause a transmutation of the property. Each party separately controlled the rents collected from their separate properties. Further, each party maintained separate bank accounts and filed separate income tax returns during the marriage. Appellant's assertion that significant commingling of funds occurred and that her efforts at maintaining appellee's rental properties during the marriage rendered the trial court's division of assets inequitable is not supported by the record. As to the equity in the marital residence, appellant asserts that the trial court failed to credit her for separate contributions that she claims ultimately enhanced its appreciation. As the trial court noted, appellant did not present any evidence to support this assertion. She further argues that the trial court should have assigned monetary value to many marital household items, although the parties did not submit appraisals or any other evidence of the value of those items. Accordingly, the trial court allocated personal items to the person to whom they belonged to the extent identifiable and then ordered that remaining personal property be divided in kind with the parties choosing items in an order to be determined by an initial coin toss. As awkward as that may sound, it is a procedure sometimes resorted to in such circumstances and we decline to find it unreasonable.
 {¶ 13} Based on the evidence that was before the trial court and the law as set forth above, this court finds that the trial court's division of marital property was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 14} In her second assignment of error, appellant asserts that the trial court erred by failing to award spousal support. In support of this claim, appellant asserts that the trial court ignored the presumption set forth in R.C. 3105.18(C)(2) that each party contributed equally to the production of marital income. She further argues that the trial court improperly based its decision on the parties' incomes as of July 2000, when the complaint for divorce was filed rather than at the time of the final hearing in July 2002. Appellant further asserts that the trial court ignored appellee's rental income which should have been attributed to him for purposes of determining spousal support. Appellant also asserts that the trial court should not have considered appellee's child support obligation from a prior divorce.
 {¶ 15} Our review of a trial court's decision as to spousal support is limited to a determination of whether the court abused its discretion. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore, supra. Prior to 1991, R.C. 3105.18(B) required a trial court to determine whether spousal support was necessary. On January 1, 1991, however, legislative changes to R.C. 3105.18 became effective. Significantly, the new statute substituted the words "appropriate and reasonable" for "necessary" with respect to spousal support determinations. The "appropriate and reasonable" standard is broader than the previously applicable "necessary" standard.
 {¶ 16} In deciding whether spousal support is "appropriate and reasonable" and in determining the "nature, amount, and terms of payment, and duration of spousal support," the trial court must consider all of the 14 factors found in R.C. 3105.18(C)(1) . Schultz v. Schultz
(1996), 110 Ohio App.3d 715, 724. The trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law."Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97; Glick v. Glick
(1999), 133 Ohio App.3d 821, 830.
 {¶ 17} According to the parties' financial disclosure forms filed in July 2000, appellant's gross annual income was approximately $40,000 while appellee's was approximately $35,000. In its judgment entry of divorce, the trial court found that appellee's income was approximately $40,000. At trial, appellee testified that during half of 2001, he worked two jobs, earning $44,375 that year. Other than the financial disclosure form from 2000, the most recent evidence of income offered by appellant was her 1999 W-2, which indicated an income of approximately $37,000 that year. Appellant testified at trial that her income for 2000 was approximately $32,000 but neither her W-2 nor her income tax return for that year are contained in the record. Appellant also testified that in 1998, she took a $15,000 cut in her salary when she changed positions in order to work the same shift as appellee, but she did not testify as to her exact salary either before or after the job change. Further, that voluntary decrease in income occurred two years before the divorce was filed and four years before it became final. As indicated above, evidence before the trial court as to the parties' incomes was less than comprehensive, to say the least. As to appellee's child support obligation, pursuant to R.C. 3105.18(C)(1)(n), in determining whether spousal support is appropriate and reasonable, the trial court may consider any factor it finds to be relevant. Appellee's child support obligation is just one of several factors the trial court considered to be relevant in this case. And as to appellant's argument that the trial court should have considered appellee's rental income, by the time the divorce became final, appellee had sold all of the properties pursuant to court order dated October 24, 2001, thereby eliminating that source of income.
 {¶ 18} This court has thoroughly reviewed the trial court's judgment and it is clear that the court considered all of the statutory factors that were relevant to the parties' marriage, including the parties' incomes, their relative earning abilities, their ages and physical conditions, their separate savings toward retirement, the duration of the marriage, the standard of living established during the marriage, and the relative assets and liabilities of the parties.
 {¶ 19} Based on the foregoing, this court finds that the trial court's decision not to award spousal support to appellant was fair, equitable and in accordance with the law and therefore not an abuse of discretion and, accordingly, her second assignment of error is not well-taken.
 {¶ 20} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
Judith Ann Lanzinger, J. and Arlene Singer, J., concur.