DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce and ordered the division of marital assets. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Paul L. Bitter sets forth the following assignments of error:
 {¶ 3} "A. The trial court erred when it failed to consider the present value of Mrs. Bitter's STRS pension, valued the STRS pension differently than other similar assets, and did not offset the STRS pension against other marital assets thereby entangling the parties rather than separating them as is required by the Supreme Court in Hoyt v. Hoyt.
 {¶ 4} "B. The trial court erred by failing to act evenhandedly with the parties regarding similar assets.
 {¶ 5} "C. The trial court erred by failing to craft an equitable distribution of the marital assets.
 {¶ 6} "D. The trial court erred in failing to award spousal support when the disparate incomes of the parties and their respective needs warranted such an award."
 {¶ 7} The parties were married in 1955. During the marriage, appellant worked as a farmer and appellee worked as a schoolteacher. Appellant accrued benefits through the Social Security System and appellee through the State Teachers' Retirement System ("STRS"). On November 26, 2001, appellee filed a complaint for divorce. The matter was heard by a magistrate on December 9 and 27, 2002, and on April 23, 2003, the magistrate filed a decision dividing the parties' marital property. As to the issue of appellee's pension, which was in payout status by that time, the magistrate ordered that the monthly payout amounts of appellee's pension and appellant's social security benefits be added together and then divided in half, with appellee then paying appellant each month the difference between that sum and appellant's monthly social security. The magistrate also ordered appellant to pay appellee one-half of any future cost of living adjustment to her pension. Further, the magistrate ordered the parties to sell most of their real property and split the proceeds evenly.
 {¶ 8} Appellant filed objections to the magistrate's decision, arguing that he should have been awarded spousal support and that the magistrate made errors in valuing some of the property which resulted in an inequitable property division. Appellant also argued that the magistrate should have assigned a present-day value to appellee's pension and then offset that amount against the other assets of the marriage.
 {¶ 9} Upon review of the objections, the trial court revised the values of some of the pieces of marital property and adjusted the overall distribution of assets by $10,000. The trial court further held that the magistrate appropriately considered the relevant law and facts when making the decision not to award spousal support. Additionally, the trial court found that the magistrate's decision ordering payment of a portion of appellee's monthly pension benefits to appellant was the most reasonable and equitable method of distributing the pension. It is from this judgment that appellant appeals.
 {¶ 10} In his first assignment of error, appellant asserts, as he did in his objections to the magistrate's decision, that the trial court failed to properly distribute appellee's pension. Appellant argues that by ordering a monthly distribution of the pension, the trial court disregarded the need to disentangle the parties and bring finality to the marriage. Appellant also asserts that he is not fully protected because if appellee predeceases him, he will lose the court-ordered distribution and receive only the $700 monthly survivor benefit. Lastly, appellant asserts that the trial court used the wrong payout amount when it apportioned the monthly pension benefit. Appellant asserts that the trial court should have computed his portion based on $3,218.77, appellee's gross monthly benefit before voluntary withholding and health insurance deductions, not on the amount remaining after deductions, which is $2,729.01.
 {¶ 11} This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherryv. Cherry (1981), 66 Ohio St.2d 348; Berish v. Berish (1982),69 Ohio St.2d 318; Worthington v. Worthington (1986),21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1984), 5 Ohio St.3d 217, 219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Buckles v. Buckles (1988), 46 Ohio App.3d 102,110.
 {¶ 12} It is well-settled that trial courts should strive to resolve the issues between divorcing parties so as to minimize their economic partnership as much as circumstances permit. InHoyt v. Hoyt (1990), 53 Ohio St.3d 177, 179, the Supreme Court of Ohio held that "when considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; * * *." As to the issue of disentangling the divorcing parties' economic affairs, Hoyt
continued: "* * * the trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage." Id.
 {¶ 13} In the case before us, the trial court was presented with testimony from two experts who estimated significantly different sums for the present-day value of appellee's STRS pension. Appellee's expert testified as to a present-day value of $430,000 as of August 2002, while appellant's expert valued it at $561,000 as of November 2002. The trial court noted that both experts testified that those numbers are uncertain or speculative. The trial court was faced with a difficult task in light of the two estimates that differed by $131,000. In addition to that, the trial court had to weigh the fairness of awarding appellant marital property equal to one-half of whatever present-day value it might assign to the pension, which would leave appellee with little or no liquid assets at the time of the divorce. Upon thorough review of the parties' economic situation at the time of the final divorce hearing, this court finds that, while the trial court's decision results in continued financial entanglement between the parties, it is the only means of ensuring that appellant receives an equitable share of that asset in light of the wide disparity between the two experts' valuations of the pension. Given this disparity, the trial court could not determine an accurate present day value of appellee's pension. See Marx v. Marx, 6th Dist. No. L-00-1297, 2002 Ohio 852.
 {¶ 14} Appellant further argues that the trial court's decision is also inequitable because, should appellee predecease him, he will lose the difference between the survivor's benefit and any court-ordered amount in excess of that amount. The trial court noted, however, that such a scenario would be consistent with what would happen if the parties had remained married and that the only way appellant could be protected against that loss would be for appellee to take out a life insurance policy. Appellant's expert testified, however, that appellee's health and age could make it difficult for her to obtain additional life insurance.
 {¶ 15} As to appellant's argument that the trial court did not use the correct payout amount, the trial court found that appellee had been receiving the full amount of her monthly benefit during the pendency of the case. Appellant has not presented any argument as to why his monthly share of the pension should be based on appellee's benefit amount before deductions and we find that the trial court did not err by basing the payment on appellee's net monthly payment of $2,729.01.
 {¶ 16} Based on the foregoing, this court finds that the trial court's decision as to how to allocate appellee's STRS pension and as to the amount it ordered appellee to pay appellant was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant asserts that the trial court failed to act evenhandedly when it held him accountable for marital assets he expended during the pendency of the divorce but failed to hold appellee responsible for the portion of her STRS pension she expended during the same period. Appellant argues that he was charged with spending down assets that included his coin collection, bank accounts, and income from the farm, while appellee was permitted to receive and spend her monthly pension. He asserts that he should be permitted to share in the pension proceeds from the date the complaint for divorce was filed. Appellant argues further that he was unfairly ordered to give appellee one-half of the income from the crops he farmed on their property but not permitted any reduction in that amount for expenses related to the crops. A review of the record shows, however, that while appellee was permitted to retain the entirety of the pension checks she received during the pendency of the divorce proceedings, the trial court found that she had sold approximately $53,000 in marital stocks before the divorce was final and ordered her to pay appellant an amount equal to one-half of the sum of the proceeds. The trial court found that appellant sold crops during the pendency of this action but made no finding as to what profits appellant made, if any, from that endeavor. The trial court further found that appellant had crops in storage at the time of the divorce and ordered appellant to pay appellee one-half the value of all stored crops as of December 31, 2002. We therefore find that based on the evidence before it, the trial court did not fail to act evenhandedly in dividing the parties' assets and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 18} In his third assignment of error, appellant asserts that the marital assets were not divided equitably. Appellant argues that he is entitled to an additional $5,574.78 in light of the $11,149.55 difference between the total assets he received and the total amount appellee received.
 {¶ 19} The Supreme Court of Ohio has held that "the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Cherry, supra, at paragraph two of the syllabus. As to fashioning a division of marital property, this court held in Spychalski v. Spychalski (1992),80 Ohio App.3d 10, 15: "A domestic relations court is required, after granting a divorce, to equitably divide and distribute the marital property. * * * In this context, the term `equitable' does not mean `equal;' a court begins its analysis with a potentially equal division of the marital property and adjusts that division after a consideration of the relevant factors found in R.C. 3105.18(B) . [Citations omitted.]"
 {¶ 20} R.C. 3105.171(C)(1) states: "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 21} This court has carefully reviewed the trial court record, including the transcript of the hearing, the evidence presented, and the trial court's judgment entry of divorce. The total value of the parties' personal marital assets as determined by the trial court was $403,406.19. Of that amount, appellant received $196,128.32 and appellee received $207,277.87. This court notes further that the parties stipulated that the total combined value of their real property was $1,014,000. Without taking into account the value of appellee's STRS pension since the present-day value was disputed, the combined value of the marital assets is over $1,417,000. While the record supports appellant's statement that the division of assets was not a precisely equal split, we find that the trial court considered the factors set forth in R.C. 3105.171(F) and that its decision is thorough and well-reasoned and not an abuse of discretion when viewed in light of the parties' total assets. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 22} In his fourth assignment of error, appellant asserts that he should receive spousal support because he was 69 at the time of the divorce, has only a high school education, and has worked as a farmer all of his life. Appellant argues that he needs spousal support to meet his monthly expenses and further asserts that the trial court should have considered appellee's pension income when considering each parties' income for purposes of spousal support.
 {¶ 23} Our review of a trial court's decision to grant or deny spousal support is limited to a determination of whether the court abused its discretion. Bowen v. Bowen (1999),132 Ohio App. 3d 616, 626. In deciding whether spousal support is "appropriate and reasonable" and determining the "nature, amount, and terms of payment, and duration of spousal support," the trial court must consider all of the 14 factors found in R.C.3105.18(C)(1). Schultz v. Schultz (1996), 110 Ohio App. 3d 715,724. The trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law."Kaechele v. Kaechele (1988), 35 Ohio St. 3d 93, 97; Glick v.Glick (1999), 133 Ohio App. 3d 821, 830.
 {¶ 24} Appellant in this case argues that he needs spousal support to meet his monthly expenses. Prior to 1991, R.C. 3105.18
required a court to determine whether spousal support was necessary. On January 1, 1991, however, legislative changes to R.C. 3105.18 became effective and with respect to spousal support determinations, the amended statute substituted the phrase "appropriate and reasonable" for "necessary."
 {¶ 25} R.C. 3105.18(C) states as follows:
 {¶ 26} "(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 27} "(a) The income of the parties, from all sources, including but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171.
• * * of the Revised Code;
 {¶ 28} "(b) The relative earning abilities of the parties;
 {¶ 29} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 30} "(d) The retirement benefits of the parties;
 {¶ 31} "(e) The duration of the marriage;
 {¶ 32} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 33} "(g) The standard of living of the parties established during the marriage;
 {¶ 34} "(h) The relative extent of education of the parties;
 {¶ 35} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 36} "(j) The contribution of each party to the education, training, or earning ability of the other party, * * *;
 {¶ 37} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, * * *;
 {¶ 38} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 39} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 40} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 41} Upon consideration of the record of proceedings in the trial court and the law as summarized above, this court finds that the trial court's order as to spousal support is not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. The trial court made extensive findings as to the parties' incomes from all sources, including their respective retirement benefits, as well as their relative assets and liabilities and other relevant factors as set forth in R.C.3105.18(C). We note that appellant will be receiving $1,044 per month for the remainder of appellee's life as his share of her pension in addition to his social security. Should appellee pre-decease him, he will continue to receive $700 per month in survivor benefits. It is clear from the record that the trial court considered this factor in reaching its decision. Based on the foregoing, we find that the trial court's decision not to award appellant spousal support is not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 42} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.