[Cite as *Allen v. Allen*, 2011-Ohio-3335.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                           |
|--------------------------|---|---------------------------|
|                          | : | JUDGES:                   |
| NAOMI ALLEN              | : | William B. Hoffman, P.J.   |
|                          | : | Julie A. Edwards, J.       |
| Plaintiff-Appellee       | : | Patricia A. Delaney, J.    |
|                          | : |                           |
| -vs-                     | : | Case No. 10CAF090078       |
|                          | : |                           |
|                          | : |                           |
| THOMAS ALLEN             | : | O P I N I O N             |
|                          |   |                           |
| Defendant-Appellant      |   |                           |

CHARACTER OF PROCEEDING:        Civil Appeal from Delaware County
Court of Common, Domestic
Relations Division, Pleas Case No.
07-DRA-04-182

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        June 29, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

NAOMI ALLEN        RICHARD A.L. PIATT
9321 Prestwick Green Drive        Saia & Piatt, Inc.
Columbus, Ohio  43240        713 South Front Street
Columbus, Ohio  43206

*Edwards, J.*

{¶1} Defendant-appellant, Thomas Allen, appeals from the September 9, 2010, Judgment Entry of the Delaware County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Thomas Allen and appellee Naomi Allen were married on October 24, 1998. Two children were born as issue of such marriage, namely Nicholas (DOB 8/11/03) and Elliot (DOB 11/3/04).

{¶3} As memorialized in a Judgment Entry filed on June 3, 2008, the parties were granted a divorce. Appellant was ordered to pay child support in the amount of $1,206.65 a month commencing May 1, 2008. Pursuant to the terms of the parties' shared parenting plan, which was approved and adopted by the trial court, both parties were designated as residential parents and legal custodians of the minor children while appellee was designated as school placement parent. The shared parenting plan stated, in relevant, part, as follows:

{¶4} "Father and Mother shall each have parenting time with the minor children as follows: Mother shall have parenting time from 6:00 PM on Sunday evenings through the end of the school day on Thursday evening. Father shall assume parenting time from the end of the school day on Thursday, through 6:00 PM on Sunday evening. This arrangement will be in place all weeks of the school year and summer vacation. Mother retains the option of parenting time for the first 'weekend' (or time within the weekend) per month or another weekend if a special event is scheduled and advance notice (ideally 14 days) is first given to Father. If Mother chooses to exercise that option, Father will have compensatory time at his election at times not herein otherwise

designated, said hours to be accumulated and exercised with advance notice to Mother (ideally 14 days).  Father will continue to bring the children to their daycare or school for the day on Fridays.  Both parents agree to arrange transportation to extracurricular and/or school activities within the local area with the understanding that this is a shared expense and responsibility, even if said activity falls on the other party's parenting time. If Mother or Father chooses to relocate outside of Delaware or contigous (sic) counties, the Court continues to retain jurisdiction to re-evaluate the parenting schedule.

**{¶5}** "**Holidays**

**{¶6}** "Christmas/Thanksgiving: The year that the Father has the children on Christmas, Mother shall have the children on Thanksgiving.  On the year that Father has the children on Thanksgiving, Mother shall have the children on Christmas.  The children will be picked up and dropped off at the parent's residence in Delaware or contigous (sic) counties.  If either parent chooses to travel out of the Central Ohio area for his or her portion of the holidays, s/he is responsible for returning to the are (sic) in time for the alternate parent to assume his/her holiday time, unless otherwise agreed.

**{¶7}** "All other holidays shall be on an alternating basis with Father having the children in even-numbered years and Mother to have the children in odd-numbered years, following the Olentangy School schedule.

**{¶8}** "The children's birthdays will be alternated annually with each parent.

**{¶9}** "**Summer**

**{¶10}** "Father and Mother shall each have an additional week in the summer, however, a thirty (30) day notice must be given to the other parent."

{¶11} On March 9, 2009, appellant filed a Motion to Modify Child Support, alleging that there had been a change of circumstances since the June 3, 2008, Judgment Entry. Appellee filed a memorandum in opposition to the same on April 6, 2009.

{¶12} A hearing was held on August 3, 2009, before a Magistrate. Pursuant to a Magistrate's Decision filed on October 19, 2009, the Magistrate recommended that child support be reduced to $1,120.00 a month effective August 15, 2009.

{¶13} On October 29, 2009, appellant filed a generic objection to the Magistrate's Decision. After the transcript of the August 3, 2009, hearing was filed, appellant filed a memorandum in support of his objection. Appellant, in his memorandum, argued that during the hearing, "factors were presented to the Court through testimony and exhibits justifying a downward deviation of …child support."

{¶14} Via a Judgment Entry filed on September 9, 2010, the trial court ordered that child support be reduced to $1,120.00 a month effective August 15, 2009.

{¶15} Appellant now raises the following assignment of error on appeal:

{¶16} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S OCTOBER 19, 2009 DECISION REGARDING DEFENDANT'S MARCH 9, 2009 MOTION TO MODIFY CHILD SUPPORT OBLIGATION."

I

{¶17} Appellant, in his sole assignment of error, argues that the trial court erred in adopting the Magistrate's October 19, 2009 decision that recommended that appellant's child support obligation be reduced to $1,120.00 a month. Appellant

contends that the trial court failed to consider all of the evidence that appellant presented in support of his motion requesting a modification of child support.

{¶18} In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA-5758, 1982 WL 2911. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

{¶19} R.C. 3119.79 states that, "if an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be

considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."

{¶20} In order to determine if a change in circumstances has occurred, the trial court must complete a new child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. R.C. 3119.79(A). If the recalculated amount is more than 10 percent less or greater than the amount previously required as child support, it is considered a change in circumstances substantial enough to require modification of the child support amount. *Id.* The amount calculated in the child support schedules is "rebuttably presumed to be the correct amount of child support due." R.C. 3119.03; *Schultz v. Schultz* (1996), 110 Ohio App.3d 715, 720, 675 N.E.2d 55.

{¶21} Appellant specifically contends that there was testimony adduced at the August 3, 2009 that he exercised parenting time on an equal basis with appellee and that "[a]ppellee acknowledged that [appellant] exercised more parenting time with his children than was contemplated in the parties' Shared Parenting Plan, which was the basis for [appellant's] support order…" Appellant also argues that he introduced evidence that the parties also had basically equal income and that the court erred in crediting appellee with having $10,060.00 a year in child care expenses.

{¶22} At the August 3, 2009, hearing before the Magistrate, appellee testified that appellant had the parties' children from the end of school on Thursday and was supposed to take them to school or to day care on Friday. She testified that appellant then had the children all weekend through 6:00 p.m. on Sunday. Appellee testified that she had the option of having the children one weekend per month, but that she did not

usually exercise that option and only exercised it maybe once a quarter. According to appellee, the two had divided the week fairly evenly, but she had more time with the children. Appellee estimated that the split was probably 55/45 or 60/40. Transcript at 8. The following is an excerpt from her testimony:

{¶23} "Q. I'm just kind of trying to let the court know a rough idea what the current parenting schedule is or has been and I think you're answering you would say it's roughly 55/45; is your testimony correct?

{¶24} "A. I guess.

{¶25} "Q. And although the shared parenting plan contemplates you picking a weekend, the realities are the way things are going, Tom pretty much has every Thursday through Sunday; is that fair to say?

{¶26} "A. I guess. Thursday at the end of the day.

{¶27} "Q. Through Sunday?

{¶28} "A. Through Sunday evening.

{¶29} "Q. Okay. And there are also along with this parenting time thing again, there are also a number of extended what I would call minor holidays or weekend holidays such as Memorial Day and Labor Day and those holidays, correct.?

{¶30} "A. We follow the school schedule on those actually. We're supposed to follow the school schedule but since neither of us has a copy of it if he asks if he can just keep the kids through the holiday, usually I have no problem with that.

{¶31} "Q. And is it Tom that usually exercises those holidays as well?

{¶32} "A. I was told the last time that I called in this year the holidays are weighted heavily towards the father at the beginning of the year, so I'll be getting them

for Columbus Day and Labor Day weighted towards me towards the end of this year." Transcript at 9-10.

{¶33} Testimony was adduced that appellee earned $44,635.00 in 2008 from her job with the State of Ohio Rehabilitation Services Commission. Appellee testified that at the time of the parties' shared parenting plan, both children were in day care full-time and that she paid $1,500.00 a month for the two. Testimony was adduced that Nicholas was going to enter first grade in August of 2009, and would be attending a public school. Appellee testified that she was planning for Nicholas to attend day care both before and after school, but had not yet talked to appellant about it. Appellee did not know the cost for before and after care, but assumed that it would be somewhat less than the $185.00 a week she was paying for full time day care for Nicholas. Appellee testified that she intended for Elliot to remain in day care full-time.

{¶34} Appellant testified that he was employed by the Franklin County Prosecutor's Office and that his W-2 showed that, in 2008, he earned $44,168.52. He testified that he was occasionally employed by the University of Phoenix as an instructor, but that the work was intermittent. Appellant testified that his 1040 tax declaration for 2008 showed that he earned $48,044.00, which included his University of Phoenix earnings.

{¶35} Appellant testified that his understanding of the parties' shared parenting plan was that appellee would have the children one weekend a month. He testified that during the course of the last year, the parties had split the time with the children evenly. Appellant testified that he had the children Thursday through Sunday and that appellee had them Monday until she sent them off to school or day care on Thursday. According

to appellant, the schedule had been going on since the parties entered into the shared parenting plan in 2008. Appellant testified that appellee never had taken the children for a full weekend although the shared parenting plan contemplated her taking the children the first weekend of each month. Appellant testified that the shared parenting plan had evolved and testified that the parties split parenting time on a more or less equal basis. He further testified that the children were physically with him more hours than they were with appellee. Appellant also testified that he spent bank holidays with the children.

{¶36} When asked, appellant testified that he filed his motion to modify child support because he actually had the children "equal or more time" since the shared parenting plan was entered into." Transcript at 29. He also testified that the parties' income had basically equalized since the shared parenting plan and that if he had not taken the one time job with the University of Phoenix, their incomes would almost be equal. Appellant testified that at the time the shared parenting plan was entered into, appellee was earning $38,000.00 a year. The following is an excerpt from appellant's testimony:

{¶37} "Q. And is it true that one of the reasons that you filed this Motion to Modify Child Support was because you actually had the kids equal or more time since this original agreement was entered into?

{¶38} "A. That's correct.

{¶39} "Q. And you have since found that since you filed this motion to modify your child support, both you and Naomi's income has basically equalized; is that correct?

{¶40} "A. That's correct.

**{¶41}** "Q. And I believe at the time that this shared parenting plan was entered into, Naomi made I think only $38,000 and she's already demonstrated that she is now making $44,000 a year, correct?

**{¶42}** "A. That's correct.

**{¶43}** "Q. And had you not taken this one time job at the university of Phoenix, your incomes would basically be equal; would they not?

**{¶44}** "A. Correct.

**{¶45}** "Q. Now that's not the only reason that you filed this motion to modify your child support, is it?

**{¶46}** "A. No.

**{¶47}** "Q. Can you please tell the court another reason that you filed the motion with regard to your standard of living, Tom?

**{¶48}** "A. Well, there's been a number of reasons. I mean in particular with regard to my standard of living, it's, the amount of money that I've been left with is not sufficient to actually have a two bedroom apartment. What I really am trying to do is get to a point where we are, where I can provide as nice of a place for the boys the hours that they're with me as what Naomi provides for the kids when they're with her." Transcript at 29-30.

**{¶49}** Appellant testified that he was living in a one bedroom apartment and paid $650.00 a month in rent while appellee was living in a house with three bedrooms and two and a half bathrooms.

**{¶50}** The trial court, in its initial calculation of child support, used an income figure of $38,228.19 for appellee and a figure of $42,522.88 for appellant and ordered

appellant to pay child support in the amount of $1,206.65 a month. The Magistrate, in his October 19, 2009 Decision, used an income figure of $48,044.00 for appellant and $44,635.00 for appellee.[1]   Using such figures, the Magistrate arrived at a figure of $1,119.74 in child support and recommended that appellant pay child support in the amount of $1,120.00 a month effective August 15, 2009. The trial court approved and adopted such decision. In the case sub judice, the amount of calculated child support decreased from $1,206.65 a month to $1,120.00 a month.  Since this amount does not exceed ten percent, there has not been a substantial change in circumstances, as defined by R.C. 3119.79(A).[2]

{¶51}  In addition, it does not appear that the amount of time the children spent with either parent changed significantly from the time of the original divorce decree. Finally, while appellant appears to take issue with the $10,060.00 a year in day care expenses which the trial court credited appellee as having,  we note that appellee testified that she was incurring such expenses.  While in the near future, she may not have such expenses as the children enter school, such issue may be raised later.

{¶52}  Appellant argues that he went to great lengths to demonstrate to the trial court why a downward deviation of child support was appropriate and in the best interest of the minor children, but, he argues, the trial court failed to consider appellant's arguments, all of which were supported by the evidence.  We do not find that the resulting order of the trial court indicates that the trial court failed to consider deviation factors.  The trial Judge, in his entry adopting the Magistrate Decision, references the Magistrate's Decision of May 13, 2008, from the original divorce.  The divorce was

---

[1] The children had insurance through appellant.
[2] Appellant argues that his child support should have been decreased by a larger amount.  Appellee did not appeal the slight decrease in the child support order.

granted on June 3, 2008, and the motion to modify child support at issue sub judice was filed nine months later. From a reading of that 2008 Magistrate Decision, it seems clear that there was no deviation granted at that time from the guideline child support amount because, even with the guideline child support, the appellee was operating at a greater monthly deficit than the appellant was when considering incomes and expenses and debts. In other words, despite the large amount of time that the children would be spending with each parent, no deviation was granted because of the financial situation of the parties. There was no indication that appellee's situation had changed in that regard. At the time of the divorce, the trial court found the financial situation of the parties to be the most important factor when considering whether to deviate from the guidelines. By its reference to the 2008 Magistrate Decision, the trial court has indicated that it still finds that to be the most important factor.

{¶53} Based on the foregoing, we find that the trial court did not abuse its discretion in adopting the Magistrate's Decision. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶54} Appellant's sole assignment of error is, therefore overruled.

{¶55} Accordingly, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/d0214

[Cite as *Allen v. Allen*, 2011-Ohio-3335.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NAOMI ALLEN | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS ALLEN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAF090078 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES